MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. J. L. SMITH.

Decided March 21, 1908.

**1.—Pleading—Charge—Variance.**

In a suit for personal injuries received while lifting a hand-car onto the track, charge considered, and held subject to the criticism that it submitted to the jury as a basis for recovery by the plaintiff a state of case different from that pleaded by him.

**2.—Personal Injuries—Measure of Damage—Loss of Time.**

Where, in a suit for personal injuries, the plaintiff plead that his earning capacity was diminished permanently at least fifty cents a day by reason of said injuries, and the evidence showed that between the date of the injury and the date of the trial plaintiff was incapacitated to work from other causes than the injury, it was reversible error for the court to refuse a requested charge limiting a recovery to fifty cents per day for decreased capacity to earn money, and excluding from the consideration of the jury the time he was sick or incapacitated from other causes to work.

**3.—Personal Injuries—Aggravation—Pleading.**

That personal injuries have been aggravated by the conduct of the plaintiff is defensive matter that should be specially pleaded.

Appeal from the District Court of Rains County. Tried below before Hon. R. L. Porter.

*Coke, Miller & Coke* and *Jno. T. Craddock,* for appellant.

*Rhodes & Berzett* and *W. B. Wynne,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellee Smith brought his suit against the Missouri, Kansas & Texas Railway Company to recover damages for personal injuries received by him through the negligence of the railway company's servants. Smith died and the suit is prosecuted by his wife and children.

The petition alleged that on and prior to the 23d day of February, 1904, he was in the employ of appellant as a section hand under the direction of one Derryberry, as section boss, who had control and management of the gang in which he was at work; that in the performance of his duties he and his co-laborers were furnished with a hand-car and various tools, the car being used for the transportation of the men and their tools to and from their work, and weighing, with the tools upon it, about 550 pounds; that on the day named it became necessary to remove the hand-car from the track because of an approaching train and that after the passage of the train and when the section boss ordered the car to be lifted and placed back on the track, J. L. Smith and Pode McElroy, one of his co-laborers, took hold of one corner of the car, and that the section boss and the other two section hands took hold of the car on the opposite side thereof from J. L. Smith and Pode McElroy, and when they all began to lift the car from the ground the section boss and the two hands lifting the car on the same side with him negligently hoisted and raised their side too high and negligently shoved the car over against J. L. Smith and Pode McElroy, thereby throwing the greater weight of the car on Smith and McElroy, and that when this was done Pode McElroy negligently let loose and dropped his corner of the car, thereby causing the greater part, if not the whole weight of the car and tools thereon, to fall upon Smith, and by reason of the weight thereof and the violent strain incident to supporting it, Smith was injured; and that such injuries were the direct and proximate result of said negligence of the section foreman and the section hands. The injuries alleged in the amended petition were a permanent hernia or rupture of the internal abdominal ring on the right side, inflammation of the spermatic cord and causing one of his testicles to be greatly inflamed and enlarged, and the producing of orchitis.

The defendant answered by general and special demurrers, general denial, contributory negligence and assumed risk. A trial resulted in a verdict for $1750 in favor of plaintiffs and judgment was entered accordingly.

The first assignment of error complains of that portion of the court's charge that groups the allegations of the petition and upon which the plaintiff is authorized to recover. The proposition made thereunder is: "The negligence alleged in the petition as the basis of the action is that of the section foreman and the two men on the

same side of the car with him, in lifting that side of the car too high, followed by and coupled and combined with the negligence of Pode McElroy in negligently dropping his corner of the car after it was so lifted, the latter act of negligence not being alleged as having been caused or produced by the former. The charge is erroneous in that it authorizes a verdict for the appellee, if the negligence of the foreman and the men on the side of the car with him in lifting it up caused the injuries, because there is no allegation that such negligence independently of McElroy's negligence, which was the immediate cause of the injuries, was the proximate cause of the injuries; nor was there any evidence that the injuries were so proximately caused; nor was there any allegation in the petition that the negligence of McElroy in dropping the corner of the car was caused or forced or resulted from the negligence of the foreman and the men on the side of the car with him."

The charge is not entirely free from the criticism urged, but we are not prepared to say that it is reversible error. The case will be reversed on account of another error, and in view of another trial we suggest that the charge be confined to the allegations of the petition that are supported by the evidence, and eliminate this cause for criticism.

The court charged the jury on the measure of damages as follows: "If you should find for the plaintiffs, in estimating their damages you will take into consideration the mental anguish and bodily pain, if any, suffered by the said John L. Smith from the date of said injury, if he was injured, up until his death. You will also take into consideration the diminished capacity of the said John L. Smith to earn money, if any, from the date of his said injury, if he was injured, up until his death. You will also consider what reasonable and necessary expense in doctors' bills, if any, was incurred by the said John L. Smith on account of said injuries, if any, and adding them together you will determine what sum in cash will now compensate the plaintiffs for the damage thus sustained, if any." This charge is assigned as error.

The appellant asked a charge in this connection limiting a recovery to fifty cents per day for decreased capacity to labor and earn money, and to exclude from their consideration the time he was sick or incapacitated from other causes, etc., to work. The petition alleges that plaintiff's earning capacity was diminished permanently at least fifty cents per day by reason of said injuries. The evidence shows that before the injury, Smith was a strong, healthy man, 37 years of age. After the injury he could not do more than half the work he did before, and weighed about 25 pounds less. He could perform light work, but was not able to do the heavy work he did before being injured. He was confined to his bed just after the injury and lost about twenty days. The injury caused him pain and suffering as long as he lived. After the injury he had a spell of pneumonia that kept him from work three or four weeks. The second spell of pneumonia caused his death, about eighteen months after the injury.

There are no allegations that the injury caused his death. In view of the pleading and the evidence the charge did not sufficiently

limit a recovery to the results of the injury. The special charge was sufficient to call the attention of the court to this defect as to diminished capacity to labor and earn money. Having requested a charge on this point the appellant was entitled to such a charge, and the court having failed to properly instruct on this phase of the case the judgment will be reversed.

The court refused a charge asked by the appellant to the effect, that the jury should exclude from their consideration all damages that resulted to plaintiff by the failure of plaintiff to wear a truss that would have either cured such hernia or have diminished the physical and mental pain incident to such hernia. There was no plea that the injuries received by plaintiff were aggravated by his negligence in not wearing a truss. This is defensive matter and we are inclined to the opinion that it was such matter as should have been specially pleaded, but this objection can be eliminated by a plea on another trial. The judgment is reversed and cause remanded.

*Reversed and remanded.*