**Rafael COLON, Plaintiff,**

v.

**TRINIDAD CORPORATION, Defendant.**

United States District Court
S. D. New York.

Jan. 13, 1961.

See also 188 F.Supp. 803.

Jacob Rassner, New York City, for plaintiff. Theodore H. Friedman, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant. John L. Quinlan, John B. Shields, New York City, of counsel.

SUGARMAN, District Judge.

By decision dated October 27, 1960, 188 F.Supp. 97, the court found that as the result of an injury sustained in the service of a ship, plaintiff, Rafael Colon, is entitled to maintenance up to September 27, 1958 and unpaid wages.

The parties have not been able to agree upon the number of days of maintenance which should be allowed.

They have submitted papers explaining and supporting their respective contentions.

Preliminarily it must be understood that plaintiff is not automatically entitled to maintenance for each and every day he did not work between November 26, 1957, the day he signed off following the injury, and September 27, 1958, when he attained his "maximum cure".

He is entitled to maintenance for such days as he was *unable* to work because of his injury.[1]

The court is satisfied that plaintiff was physically unable to work during the periods November 27, 1957—December 14, 1957, 18 days; December 22, 1957—January 12, 1958, 22 days; May 27, 1958—June 15, 1958, 20 days; July 28, 1958—August 20, 1958, 24 days; and September 11, 1958—September 27, 1958, 17 days (all dates inclusive), for which he is entitled to maintenance, a total of 101 days.

It is immaterial in determining his right to maintenance that plaintiff's papers were suspended during the last mentioned periods, because plaintiff testified (Ex. 17, p. 38) that at those times he was unable to work because of his injuries.

Plaintiff testified (Ex. 17, p. 36) that he did not work during the period January 22, 1958—April 2, 1958 because:

"Q. Between your service on the American Traveler and your service on the Matthew Luckenbach had you had any other offers of work on ships? A. I wanted to see my sweetheart in Panama and I had offers of relief, that is all.

"Q. And did you turn down the offers of relief? A. No, because I wanted to get a ship which would go toward Panama so I could see my fiancee. There was relief work available; I wanted regular work."

He is not entitled to maintenance for this period for the reason that he re-

1. Wilson v. United States, 2 Cir., 1956, 229 F.2d 277.

fused available work, not because of his physical condition but for a personal reason.

As agreed, plaintiff is entitled to wages of $224.60 less maintenance paid in the sum of $104, a net amount of $120.60.

In addition he is entitled to $808 for maintenance as computed above.

This decision shall constitute the supplemental findings of fact and conclusions of law on the third claim.

Settle judgment accordingly.