Philip J. MOULTON et al., Petitioners,

v.

ALAMO AMBULANCE SERVICE, INC.,
Respondent.

No. A-11487.

Supreme Court of Texas.

Jan. 11, 1967.

Rehearing Denied March 8, 1967.

Lieck & Lieck, Jack Leon and Eugene H. Lieck, Arch B. Haston, San Antonio, for petitioner.

Lang, Byrd, Cross, Ladon & Oppenheimer, Paul M. Green, San Antonio, for respondent.

CALVERT, Chief Justice.

This case grew out of a three-vehicle collision at the intersection of East Commerce and Cherry Streets in the City of San Antonio, an intersection controlled by a traffic signal. Philip J. Moulton sued Alamo Am-

bulance Service, Inc. and Louie Cardenas and by his suit sought a joint and several judgment against the defendants for damages for personal injuries sustained in the collision. A jury trial resulted in findings that both defendants committed acts of negligence proximately causing the injuries sustained by Moulton and fixing his damages at $10,000. Cardenas filed a motion for judgment notwithstanding the verdict, and the motion was granted. The judgment rendered by the trial court awarded Moulton a recovery of his damages from Alamo but decreed that he take nothing from Cardenas. Only Alamo appealed.

In its appeal, Alamo complained of both facets of the trial court's judgment. The court of civil appeals held that the trial court erred in granting Cardenas' motion for judgment notwithstanding the verdict and in rendering judgment absolving Cardenas of liability. It then held that the trial court also erred to the prejudice of Alamo in refusing it permission to file a trial amendment. On the basis of these holdings, the court of civil appeals reversed the judgment of the trial court and remanded the cause for a new trial. 402 S.W.2d 200. Separate applications for writ of error were filed by Cardenas and Moulton and both applications were granted. We affirm the judgment of the court of civil appeals.

At the time of the collision, Alamo's station wagon, operated by its employee, Dickie Wolfe, was proceeding west on Commerce Street; Cardenas' Buick was proceeding north on Cherry Street, and the van occupied by Moulton was headed south on Cherry Street but was stopped just north of the intersection while Moulton was waiting for clearance to make a left-hand turn easterly into Commerce Street. Alamo's station wagon and Cardenas' Buick collided near the center of the intersection. Following this collision, Cardenas' Buick continued northerly for thirty-two feet and collided with Moulton's van.

Neither of the defendants pleaded that Moulton was guilty of negligence in any respect. Therefore, the crucial questions with which the jury was concerned related to the conduct of the two defendants preceding the collision with Moulton's van and the damages to be awarded. Each of the defendants sought to establish, primarily, that negligent conduct of the other was the sole proximate cause of the plaintiff's injuries, and, secondarily, was a contributing proximate cause. The jury found that no negligent act or omission of either defendant was the sole proximate cause. They found that Alamo's driver was operating its station wagon at an excessive rate of speed, failed to keep a proper lookout, failed to apply his brakes and entered the intersection when the traffic light facing him was red, and further found each of the negligent acts or omissions was a proximate cause of the collision. The jury also found that Cardenas accelerated his automobile immediately prior to his collision with the plaintiff's van, and that this act was negligence and a proximate cause of the collision. The trial court disregarded the jury findings against Cardenas on the ground that they were not supported by the evidence.

We consider first the application of Cardenas. The only questions presented by the application are whether there is evidence supporting the jury finding of acceleration of his automobile by Cardenas and whether the act of acceleration was negligence. We agree with the holding of the court of civil appeals on these questions. The evidence hearing on the questions and the applicable law are set out in the opinion of the court of civil appeals and need not be restated here. See 402 S.W.2d 200, 202–203. The "loss of control" cases cited by Cardenas are not controlling because loss of control of his automobile by Cardenas after the collision with Alamo's vehicle is not established either as a matter of law or by a jury finding.

Moulton's application insists that the court of civil appeals erred in reversing the trial court's judgment in so far as it awarded him a recovery of damages from Alamo.

As heretofore noted, the court of civil appeals reversed the judgment against Alamo because of the refusal of the trial court to permit Alamo to file a trial amendment. Tender of the trial amendment and refusal of the trial court to permit its filing were made in the following circumstances. Moulton was employed at the time of the accident by a vending machine company and a necessary part of his duties was to get down on his knees and service and clean the vending machines. The most serious injury suffered by Moulton was to one of his knees. His doctor, Lloyd E. Berry, testified at the trial that to relieve ill effects of the knee injury he prescribed "heat, rest and elevation of the leg," and advised Moulton "to stay off the knee and take care of it." The evidence would support a conclusion by the jury that Moulton continued to perform his duties, using his leg and working on his knee, and thus aggravated his knee injury to such an extent that he lost his job because he could no longer perform his duties acceptably and was still suffering pain at the time of trial, more than eighteen months after the injury. The doctor's testimony would also support a reasonable conclusion that Moulton's knee injury would probably have healed within a brief period of time if he had followed his doctor's advice. After the close of all the evidence, Alamo tendered its trial amendment in which it pleaded that Moulton had failed to mitigate his damages, and had in fact contributed to cause an injury of greater severity to himself than that which he received in the accident "by failing to exercise the care of an ordinary prudent person in following competent medical advice to prevent the further aggravation of, or in the alternative, the complete healing of such injury." The answer on which Alamo went to trial contained no such plea but did contain a general denial.

■ The reasoning of the court of civil appeals in holding that the trial court abused its discretion in refusing to permit the filing of the trial amendment was as follows: An injured person is not entitled to recover damages from a wrongdoer for consequences of an injury which can be avoided by the exercise of ordinary care; mitigation of damages is an affirmative defense as to which a defendant is not entitled to submission to a jury of special issues under Rules 277 and 279, Texas Rules of Civil Procedure, in the absence of a written pleading of failure to mitigate; the testimony which would support a finding that Moulton failed to minimize his damages was admitted without objection, and the issue was therefore tried by consent; and in the absence of a showing that Moulton was surprised by the testimony, Rule 67, Texas Rules of Civil Procedure, required that the trial amendment to Alamo's answer be allowed so that justice might be done. We recognize the universality of the rule that an injured person cannot recover damages which can be avoided by that care and treatment of his injury which an ordinary prudent person would exercise in the same or similar circumstances; but we hold that mitigation of damages in this situation is not an affirmative defense, and thus that the trial court did not err in refusing to permit Alamo to file its trial amendment.

■ The cases cited by the court of civil appeals in support of its holding that mitigation of damages in a personal injury suit is an affirmative defense are City of Fort Worth v. Satterwhite, 329 S.W.2d 899 (Tex. Civ.App.—Fort Worth 1959, no writ); Maywald v. Perry, 254 S.W.2d 431 (Tex.Civ. App.—Galveston 1953, writ ref'd n. r. e.); and Houston E. & W. T. Ry. Co. v. Jones, 1 S.W.2d 743 (Tex.Civ.App.—Beaumont 1927, writ ref'd). The problem was not considered or discussed in *Satterwhite*. In that case failure to mitigate was affirmatively pleaded. In *Jones* the court held there was neither pleading nor proof that the plaintiff's injury was aggravated by any supervening cause and that the defendant was, for both reasons, not entitled to a charge thereon. In West Lumber Co. v. Keen, 221 S.W. 625 (Tex.Civ.App.—Beaumont 1920), reversed on other grounds, 237 S.W. 236 (Tex.Com.App.1922), it was indi-

cated that mitigation is an affirmative defense. Other cases in which the holding has been made or indicated are Baker v. Cobb, 221 S.W. 314 (Tex.Civ.App.—San Antonio 1920, writ dism'd) and Missouri, K. & T. Ry. Co. v. Smith, 49 Tex.Civ.App. 610, 108 S.W. 1195 (1908, no writ). A contrary holding was made in City of Waxahachie v. Connor, 35 S.W. 692 (Tex.Civ.App.1896, no writ), in which the court held that evidence of failure to mitigate was admissible under a general denial. The holding in *Connor* is in harmony with Stipp v. Tsutomi Karasawa, 318 S.W.2d 172 (Mo.1958), in which the Supreme Court of Missouri held that evidence of failure to mitigate damages is admissible in personal injury cases under a general denial. The question has never been directly decided by this court and thus is an open one in this state. We hold that failure to mitigate damages by care and treatment of personal injuries is not an affirmative defense which must be specially pleaded to let in evidence of such failure and to entitle the wrongdoer to proper court instructions.

■ Rule 94, Texas Rules of Civil Procedure, requires that a pleading to a preceding pleading shall set forth affirmatively nineteen listed pleas "and any other matter constituting an avoidance or affirmative defense." Mitigation of damages is not one of the listed pleas. Each of the nineteen listed pleas would defeat, in whole or in specific part, the underlying cause of action or defense asserted in the preceding pleading. Unlike the listed pleas, failure to mitigate damages would not defeat the underlying cause of action in whole or in specific part, in personal injury cases. A wrongdoer is liable to an injured person for all damages proximately caused by his wrongful or negligent acts, and failure of the injured person to care for and treat his injuries as a reasonable prudent person would under the same or similar circumstances will not defeat in whole or in part the cause of action for damages thus proxi-

mately caused. Testimony that Moulton failed to heed and follow the advice of his doctor was admissible under Alamo's and Cardenas' general denials which put in issue the amount of the damages alleged by Moulton to have been suffered by him as a proximate result of the negligence of the two defendants. The rule by which we have been guided in reaching our conclusion was announced by this court in W. L. Moody & Co. v. Rowland, 100 Tex. 363, 99 S.W. 1112, 1115 (1907), as follows:

> "The defendant may, by a general denial, put the plaintiff upon proof of the facts alleged in the petition, and, *under such general denial, the defendant would be entitled to introduce evidence which tended to disprove the facts alleged in the plaintiff's petition,* and to rebut evidence offered by the plaintiff. *If a defendant desires to introduce evidence of a fact which* does not tend to rebut the facts of the plaintiff's case, but which *show[s] an independent reason why the plaintiff should not recover upon the case stated* and proved, *then such defendant must plead the facts which will avoid the legal consequence of plaintiff's case,* else the testimony will not be admissible * * *."[1]

■ There is a strong policy reason for holding that a failure to mitigate damages in a personal injury case is not an affirmative defense. Affirmative defenses, when supported by evidence, entitle the pleader to special issues embodying the defense, and a holding that in personal injury cases failure to mitigate is an affirmative defense would result in a proliferation of special issues in an area already mired in a prolixity of complicated issues. The record in this case is an excellent illustration of the special issue problems which would be encountered by such a holding. Alamo requested two special issues which inquired (1) whether Moulton "failed to follow competent medical advice as a person of ordinary prudence in the exercise of ordinary

---

1. Emphasis ours throughout unless otherwise indicated.

care would have followed under the same or similar circumstances," and (2) whether such failure, if any, was a proximate cause of "Moulton's injuries [damages?]." Since the jury was required in answer to submitted special issue No. 45 to find the amount of money which as damages would fairly compensate Moulton for his injuries *proximately caused by the accident,* it is obvious that had the requested issues been submitted to the jury and answered favorably to Alamo, the answers would not have defeated Moulton's right to recover the sum found by the jury in answer to issue No. 45. And if Alamo had requested and obtained submission of a third issue in answer to which the jury found the money value of the damages proximately caused by Moulton's failure to follow the advice of his doctor in the care and treatment of his injuries, the sum so found could not be deducted from the sum found by the jury in answer to issue 45 because that issue related alone to damages proximately caused by the defendants' negligence.

■ In Gulf, C. & S. F. Ry. Co. v. Mannewitz, 70 Tex. 73, 8 S.W. 66, 67 (1888), we said that failure of an injured person to care for and treat his injuries as a reasonable prudent person would under the same or similar circumstances was "a branch of the doctrine of contributory negligence." It is a branch of that doctrine only in the sense that damages resulting from such failure are ultimately not proximately caused by the wrongdoer's acts or omissions, but by the injured person's own subsequent negligence, and are thus not recoverable from the wrongdoer. Restatement, Torts § 918 (1939); 22 Am.Jur. 2d Damages §§ 30–32, 38 (1965). The wrongdoer is adequately protected against liability for damages of the latter class by a properly worded damage issue and instruction which limits the recovery of the injured person to those damages proximately caused by the wrongdoer's acts or omissions and exclude recovery of those proximately caused by the injured person's own negligence in failing to mitigate.

■ Having held that the court of civil appeals erred in reversing the trial court's judgment because of the refusal of the trial court to permit the filing of the trial amendment, we must look to Alamo's brief in the court of civil appeals to see if the judgment of that court can be affirmed on any other ground. Walker v. Texas Employers' Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298 (1956). When we do so, we find that Alamo also assigned error in the court of civil appeals to the action of the trial court in overruling an objection to special issue No. 45, the damage issue.

■ Special issue No. 45 required the jury to find from a preponderance of the evidence a sum of money which, if paid in cash, would "fairly and reasonably compensate the plaintiff for the injuries, if any, proximately caused by the accident in question." The court instructed the jury that in arriving at their answer they could take into consideration certain elements of damages "and none other." The instruction listed the elements which could be considered as past and future physical and mental pain and suffering, and loss of earnings and impaired earning capacity, which were found to have been proximately caused by the accident. On the basis of the testimony heretofore detailed, the instruction was incomplete and therefore defective because it did not *exclude* from consideration in arriving at the sum to be awarded, such damages, if any, as may have been proximately caused by the failure of the plaintiff to care for and treat his knee injury as a reasonable prudent person would have done in the exercise of ordinary care under the same or similar circumstances. The defendant was entitled to have such damages affirmatively excluded. See Dallas Ry. & Terminal Co. v. Ector, 131 Tex. 505, 116 S.W.2d 683 (1938). Considering the nature of the elements of damages to be considered by the jury, the question is ruled by Ector rather than by Dallas Ry. & Terminal Co. v. Orr, 147 Tex. 383, 215 S.W.2d 862 (1948). Alamo was not required to request an exclusionary charge in substan-

tially correct wording in order to complain of the error on appeal; proper objection was sufficient predicate for complaint. Yellow Cab & Baggage Co. v. Green, 154 Tex. 330, 277 S.W.2d 92 (1955).

 Alamo objected to the issue and the instruction given in connection therewith because the jury was not instructed that Moulton was not entitled to recover damages "which could have been avoided by following competent medical advice when under the same or similar circumstances a person of ordinary prudence in the exercise of ordinary care would have complied with such advice in his own interest." We hold that the objection was sufficient to call the court's attention to the defect in the charge and that the trial court erred in refusing to give an affirmative exclusionary instruction. As applied to the evidence in this case, we would find no serious fault with an instruction couched in the quoted language; but we observe that the better practice generally would be to instruct the jury that in arriving at its answer to the issue it should not include any sum for physical and mental pain and suffering, loss of earnings, etc., if any, proximately caused by failure of an injured person to care for and treat his injuries, if any, as a reasonable prudent person would in the exercise of ordinary care under the same or similar circumstances. See West Lumber Co. v. Keen, 221 S.W. 625, 629 (Tex.Civ.App.— Beaumont 1920), reversed on other grounds, 237 S.W. 236 (Tex.Com.App.1922). An exclusionary instruction in the suggested language will cover situations in which there is evidence of negligence on the part of the plaintiff in failing to consult a doctor, in failing to consult a doctor as soon as a reasonable prudent person would, in failing to follow a doctor's advice, or simply in failing properly to care for and treat injuries which do not require the attention of a doctor.

We also hold that the error in failing to give an affirmative exclusionary instruction is reversible error under Rules 434 and 503, Texas Rules of Civil Procedure, in that it probably caused the jury to return a verdict for a greater amount of damages than it would have done if the instruction had been given. As given, the instruction imposed no affirmative restraint upon argument that all of Moulton's pain and suffering, past and future, loss of earnings and reduced earning capacity were proximately caused by the defendants' negligence.

The judgment of the court of civil appeals is affirmed.