**UNION CARBIDE CORPORATION,**
Appellant,

v.

**Rudolph GAYTON, Appellee.**

No. 666.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 18, 1972.

Rehearing Denied Nov. 8, 1972.

Joseph D. Cheavens, Baker & Botts, Houston, for appellant.

Carl Waldman, Waldman, Smallwood, Johnson & Rafes, Beaumont, W. James Kronzer, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

TUNKS, Chief Justice.

This is a case wherein a seaman, the appellee, Rudolph Gayton, sued his employer, the appellant, Union Carbide Corporation, for damages for personal injury he sustained when he fell while working on his employer's ship, the SS R. E. Wilson. The seaman also sued for maintenance allegedly due him, but not paid for or provided, during the time he was undergoing curative treatment for such injury.

In response to special issues the jury found that on September 1, 1967, Gayton fell on the deck of the ship and that he sustained an injury when he did so. It also found that the vessel was unsafe in various respects, that the employer was guilty of several acts and omissions of negligence and found the required causal connection with the injury. The evidentiary support for those findings is not challenged by appellant.

The jury then found that Gayton failed to keep a proper lookout and that such failure was a proximate cause "of the accident in question." With a proper predicate, a comparative negligence issue was submitted in the following language:

"SPECIAL ISSUE NO. 19

What percent, if any, do you find from a preponderance of the evidence that the negligence of the plaintiff, if any, contributed to cause the injuries, if any, of the plaintiff?

ANSWER BY STATING THE PERCENTAGE, IF ANY."

To such issue the jury answered "0%".

The appellant's first two points of error are based upon the contention that the jury's findings that the appellee's negligence in failing to keep a proper lookout was a proximate cause of the accident in question are in irreconcilable conflict with its answer of 0% to the comparative negligence issue. There is no point of error to the effect that the jury's answer to the comparative negligence issue is not supported by sufficient evidence or is in disregard of the evidence.

■ In response to appellant's first two points of error appellee argues that the jury's answers are not in conflict because the jury found that the contributory negligence caused the *accident* and answered that such negligence contributed no percentage to the cause of the *injuries*. That argument is rejected. In answer to the first special issue the jury found that the plaintiff had the accident and in answer to the second issue that he sustained his injury in that accident. Under the established facts of this cause the finding that contributory negligence caused the accident amounts to a finding that it caused the injury. Texas & Pacific Railway Company v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528 (1958). We are aware of the fact that when the language of a verdict so permits it should be liberally construed in such a manner as to sustain its validity, but such rule does not permit the engaging in such "metaphysical exercise" as that suggested by appellee's above stated argument. See Texas Employers' Insurance Association v. Collins, 156 Tex. 376, 295 S.W.2d 902 (1956).

■ There is another basis, however, upon which the jury's answers in this verdict, in keeping with the rule of liberal construction in favor of reconciliation, can be reconciled. The contributory negligence issues and comparative negligence issues were defensive issues upon which the defendant had the burden of proof. They were so worded in this charge as to so place that burden. The jury was instructed to answer the comparative negligence issue only if it had answered other issues finding the plaintiff guilty of contributory negligence that had caused the accident. Yet the comparative negligence issue was so worded as to permit the very answer that the jury made. The jury was asked to find from a preponderance of the evidence the percentage "if any" that the plaintiff's negligence contributed to his injury. The jury was instructed to answer by stating such percentage "if any". Presumably this issue was in the language requested by the defendant. Certainly there was no objection by defendant to its language. We do not here decide whether the qualifying "if anys" were necessarily included in the issue—the fact is that they were so included. Under the circumstances the jury's answer to the issue is properly construed as a failure to find that a preponderance of the evidence identified a specific percentage of the cause of plaintiff's accident and/or injury that was attributable to plaintiff's negligence. See C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966).

A conclusion that this verdict is not in fatal conflict may not be reached without some hesitation. In Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (Tex.Sup.1949), a negative answer to an issue was held to be in irreconcilable conflict with an affirmative answer to another issue. There in response to one issue that the jury found, in effect, that the plaintiff was guilty of contributory negligence in failing to keep a proper lookout. Another issue in the same charge that was held to present the same question, as to plaintiff's negligence in failing to keep a proper lookout, was answered in the negative. Those two conflicting answers related to what was construed to be exactly the same question. The conflict, however, was held not to be fatal to the verdict because the defendant would not have been entitled to a judgment even if the answer favorable to the plaintiff had been disregarded.

Again in Missouri-Kansas-Texas R.R. Co. v. Shelton, 383 S.W.2d 842 (Tex.Civ. App.—Dallas 1964, writ ref'd n.r.e., cert. denied, 382 U.S. 845, 86 S.Ct. 54, 15 L.Ed. 2d 85) the Court held that a negative jury answer to one special issue was in irreconcilable conflict with an affirmative answer to another. That was a case in which a railroad employee sued for damages under the Federal Employers' Liability Act, Title 45, secs. 51 and 53, U.S.C.A. In response to one group of issues the jury found from a preponderance of the evidence that the defendant permitted debris to remain at the place where the plaintiff alighted from

a train and that such was negligence from which plaintiff's injuries resulted. In another issue the jury was asked if it found from a preponderance of the evidence that the defendant failed to furnish the plaintiff a safe place to work. That issue was answered "No". The Court held that the issues concerning the debris and answered affirmatively were necessarily included in the broader "safe place to work" issue. In effect, the jury was said to have given both an affirmative and a negative answer to the "safe place to work" issue.

The two answers with which this case is concerned were not opposite answers to the same question as in the Dunn case, supra. Nor did the issue to which the 0% answer was given necessarily include the issue in which the affirmative answer was given as in the Shelton case, supra. The answers to the contributory negligence issues constituted a finding that the plaintiff's negligence contributed to his injuries. The 0% answer to the comparative negligence issue constituted neither a finding that the contributory negligence did not contribute to the injury nor a failure to find that such negligence contributed to such injury. In the comparative negligence issue the jury was asked to find from a preponderance of the evidence the extent, percentage wise, that the contributory negligence contributed to cause the injury. The jury's failure to find some percentage may have been in disregard of the preponderance of the evidence, but it did not conflict with the findings that contributory negligence to some extent contributed to cause the injury.

Appellant's first two points of error are overruled.

The damage issue submitted pursuant to plaintiff's cause of action for personal injury included the elements of past and future pain and suffering, loss of earnings in the past and loss of earning capacity in the future. The defendant objected to the inclusion of the loss of earnings on the grounds that there was no evidence or in-

sufficient evidence to support a finding of such loss or that such finding would be against the weight of the evidence. The defendant also stated those objections as grounds in its motion for new trial. Those objections were overruled and such is the subject of points of error. The jury found damages in the amount of $12,000.

■ There was evidence as to plaintiff's income before and after his injury, as to the times he had not worked after his injury and as to the times during which he had been in Public Health hospitals receiving treatment for his injury as well as for other conditions. The evidence would permit the jury to conclude that some of the time that plaintiff was off from work was a result of his injuries.

■ The elements of damages in a personal injury case are, by their very nature, intangible. The plaintiff is not required to prove the exact amount in dollars by which they are represented. He is required to prove the amount of damages only to the extent to which such amount is susceptible of proof. Usually the most that can be shown are the relevant facts from which the jury, using its common knowledge, experience and sense of fairness can fix the amount which the plaintiff is entitled to recover. McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710 (1943); McElroy v. Luster, 254 S.W.2d 893 (Tex.Civ.App.—Fort Worth 1953, writ ref'd).

■ Appellant relies mainly upon a statement made by the plaintiff on cross-examination to the effect that he did not know the number of days that he had lost from work "solely because" of his injury. A plaintiff in a personal injury case is not limited to recovery of wages lost "solely" because of his injury. The evidence here showed that this plaintiff suffered from illness not connected with this accident. If the disability resulting from that illness contributed to cause his loss of earnings, but would not have caused such loss but

for the disability resulting from this injury, then he was entitled to recover for such loss.

██ There was evidence from which the jury could have believed that the plaintiff failed to work for personal reasons having nothing to do with his injury. He, of course, was not entitled to recover for loss of earnings on such occasions. That evidence did not preclude including the loss of earnings or earning capacity in the damage issue. If the defendant wanted to protect itself from the jury's consideration of the earnings lost on such occasions it would have been entitled to an instruction upon the matter. Moulton v. Alamo Ambulance Service, Inc., 414 S.W.2d 444 (Tex.Sup.1967). No such instruction was requested.

The trial court did not err in overruling defendant's objections to the damage issue.

In addition to his suit for damages for personal injury the plaintiff sued to recover for maintenance during the time he was undergoing curative treatment for such injury. Plaintiff was injured on September 1, 1967. One of the issues relating to the maintenance claim asked if the plaintiff had reached or would reach maximum recovery. The jury answered that he had reached such recovery. The only other maintenance issue asked the jury to fix the date on which the plaintiff had reached or would reach maximum recovery. The jury answered "February 1970." It was agreed that $8.00 per day was a reasonable amount to allow for maintenance.

The evidence showed that between September 1, 1967 and the end of January in 1970 the plaintiff worked on other ships on several occasions. The number of days he so worked was shown. The evidence also showed the number of days during such period that he was in the Galveston Marine Hospital receiving treatment. It was agreed that the plaintiff was not entitled to maintenance for those days when he was working as a seaman and when he was in the hospital. The trial court deducted the number of those days from the total number of days between the date of his injury and the date of his maximum recovery. The result, 518 days, was multiplied by $8.00 and judgment was rendered for plaintiff for $4,144.00 on his suit for maintenance.

The trial court in computing the amount of the judgment for maintenance followed procedure approved in Cargo Ships & Tankers, Inc. v. McDonald, 435 S.W.2d 866 (Tex.Civ.App.-Beaumont 1968, writ ref'd n.r.e.). In this case, however, the appellant raises a matter apparently not raised in the McDonald case. Here the evidence was such that the jury could have found that there were intervals during the curative period when the plaintiff was physically able to work as a seaman and that his failure to work during those intervals was due to personal reasons wholly independent of any disability resulting from his September 1, 1967 accident.

The defendant objected to the court's charge on the maintenance cause of action. The objection was overruled. That objection, as reproduced in the transcript, apparently has in it a typographical error and is not entirely clear in its meaning. We construe it, however, as objecting to the charge because there is no issue asking the jury to find the number of days during plaintiff's curative period when he was unable to work because of the injury of September 1, 1967. The defendant argues that an injured seaman is entitled to maintenance for only those days during the curative period when the disability caused by his injury prevents him from working.

The law upon the question raised by defendant's argument is not entirely clear. In Colon v. Trinidad Corporation, 190 F. Supp. 469 (S.D.N.Y.1961) the Court said:

"Preliminarily it must be understood that plaintiff is not automatically entitled to maintenance for each and every day he did not work between November 26, 1957, the day he signed off following the injury, and September 27, 1958, when he attained his "maximum cure".

He is entitled to maintenance for such days as he was *unable* to work because of his injury."

In Socony-Vacuum Oil Co. v. Aderhold, 150 Tex. 292, 240 S.W.2d 751 (1951), in a concurring opinion, 150 Tex. at 306, 240 S.W.2d at 759, the Court said:

"Some of the Federal courts have gone so far as to indicate that the seaman is under an obligation to minimize his damages and that the shipowner is entitled to credit for such amounts as the seaman by the use of diligence could have earned as well as for the amounts actually earned. Warren v. United States, D.C., 75 F.Supp. 836; Halvorsen v. United States, D.C., 284 F. 285."

The authority cited in support of the above quoted statement from the Colon case was Wilson v. United States, 229 F.2d 277 (2d Cir.1956). In Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962) the holding of the Wilson case was disapproved. Rather the U. S. Supreme Court approved the holding of Yates v. Dann, 223 F.2d 64 (3d Cir.1955), wherein the Court said at page 67:

"On the facts, the district court's finding that libellant was still in need of medical care and attention at the time of the trial is not 'clearly erroneous.' See McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6 [, 99 L.Ed. 20]. That being the situation, the circumstance that appellee was forced by financial necessity to return to his regular employment is not legally a bar to his recovery. Koslusky v. United States, 2 Cir., 1953, 208 F.2d 957, 959."

■ We are of the opinion that it is not necessary in this case that we determine whether the plaintiff was necessarily entitled to maintenance for those days during his curative period when he was able to

work, but did not do so. In the Aderhold case the injured seaman had received income from shore employment during his curative period. The defendant shipowner contended that it should not be required to pay maintenance for the period during which the seaman was so employed. In its original opinion the Court ruled in the seaman's favor on such contention. One reason given for such ruling was a holding that such contention related to an independent ground of defense and the shipowner, not having requested issues on it, had waived it.[1] In this case the defendant did not request an issue the answer to which would permit a deduction from the maintenance award of those days during which the plaintiff was fully able to work but did not do so.

■ In Moulton v. Alamo Ambulance Service, Inc., 414 S.W.2d 444 (Tex.Sup. 1967) it was held that failure to mitigate damages in a personal injury case is not an affirmative defense. That holding, however, is not applicable to this case which is a seaman's suit for maintenance during the period of time that he is undergoing curative treatment for injury received. This shipowner's duty to provide maintenance grows out of the contract by which this seaman was employed. The seaman's suit here for maintenance is in the nature of a suit for breach of an employment contract. If the employer has a defense based upon the employee's failure to get other employment when he could have done so, it is a defense based upon the employee's breach of his duty to mitigate his damages. In such a suit as this the employee's failure to mitigate his damages is an affirmative defense of which the employer has the burden of pleading and proof. Mr. Eddie, Inc. v. Ginsberg, 430 S.W.2d 5 (Tex.Civ. App.-Eastland 1968, writ ref'd n.r.e.); Call of Houston, Inc. v. Mulvey, 343 S.W.2d 522 (Tex.Civ.App.-Houston 1961, no writ);

---

1. On Motion for Rehearing it was held that the days that the seaman had worked and the income therefrom were shown as a matter of law so that the shipowner was not required to request such issues. A deduction from the maintenance award was accordingly made.

Copeland v. Hill, 126 S.W.2d 567 (Tex. Civ.App.-Austin 1939, no writ). The defendant in this case did not plead or request an issue upon the failure of the plaintiff to get other jobs during those periods of time, if any, during the course of his curative treatment when he was fully able to work. Such defense was thereby waived. Socony-Vacuum Oil Co. v. Aderhold, supra; Tex.R.Civ.P. 279.

The trial court did not err in overruling defendant's objection to the charge on the plaintiff's maintenance cause of action.

The judgment of the trial court is affirmed.