Raymond **PHILLIPS** et ux., Appellants,

v.

Jerry **WILLIAMS** et al., Appellees.

No. 4733.

Court of Civil Appeals of Texas,
Eastland.

Jan. 10, 1975.

Henry J. Anderson, Wichita Falls, for appellants.

Larry Lambert Filimore, Lambert, Farabee & Purtle, Wichita Falls, for appellees.

WALTER, Justice.

Raymond Phillips and wife, Betty, recovered a judgment against Jerry Williams for damages resulting from an intersectional collision.

The Phillips have appealed. They contend the answer to the damage issue is against the great weight and preponderance of the evidence. They also contend there was no evidence to warrant the exclusionary instruction in the damage issue. Said instruction is as follows:

"Do not include any amount for any condition resulting from failure, if any, of Betty Phillips to care for and treat her injuries, if any, which resulted from the occurrence in question as a person of ordinary prudence would have done under the same or similar circumstances."

Dr. Lloyd R. VanDeventer testified by deposition substantially as follows:

I specialize in orthopedic surgery and practice in Wichita Falls, Texas. I saw Betty Phillips on December 11, 1973, and her main complaint was pain in the left knee. My diagnosis was torn medial semilunar cartillage in the left knee. I recommended to her that she have this knee operated on and the cartillage removed. I did not think she could be cured by conservatory treatment. If she doesn't have this operation, the chances of the matter repairing itself are virtually none. She will always have this disability unless she has the operation.

Betty Phillips testified that the doctor recommended surgery on her knee but she preferred not to have it as long as she could get by without it. She said, "I'd just rather try to tough it out."

Was there some evidence of probative force of negligence on the part of Mrs. Phillips in failing to care for and treat her injuries? We find there was and hold

the exclusionary instruction was proper. In Moulton v. Alamo Ambulance Service, Inc., 414 S.W.2d 444 (Tex.1967), the court said:

"An exclusionary instruction in the suggested language will cover situations in which there is evidence of negligence on the part of the plaintiff in failing to consult a doctor, in failing to consult a doctor as soon as a reasonable prudent person would, *in failing to follow a doctor's advice,* or simply in failing properly to care for and treat injuries which do not require the attention of a doctor." (Emphasis added)

We have considered the entire record and find that the jury's answer to the damage issue is not against the great weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.