**Otto Rhea BOHANNON**

v.

**TANDY TRANSPORTATION COMPANY, a corporation, et al.**

**Civ. A. No. 4-74-215.**

United States District Court,
N. D. Texas,
Fort Worth Division.

Oct. 16, 1975.

Gene Sinor, Chattanooga, Tenn., R. David Broiles, Fort Worth, Tex., for plaintiff.

Bill F. Bowers, Eugene J. Dozier, Fort Worth, Tex., for defendants.

ORDER DENYING DEFENDANT'S
MOTION FOR NEW TRIAL

MAHON, District Judge.

There is now pending before this Court Defendants' Motion for New Trial.

Defendants' first three contentions of error concern the size of the verdict—that it is (1) excessive, (2)

against the weight of the evidence, and (3) unreasonable and unconscionable in light of the evidence presented in the case. [The jury returned a verdict for Plaintiff in the amount of $300,000]. There was expert testimony, to which Defendants did not object, that Plaintiff's total diminished earning capacity, past and future, was $462,127. The procedure followed for establishing this sum was straight-forward and allowed the jury to exercise its common-sense and general knowledge within logical boundaries. In similar state court cases in Texas, even greater jury verdicts have been approved. *See Missouri Pacific RR. v. United Transports, Inc.,* 518 S.W.2d 904 (Tex.Civ.App.—Houston 1975, writ ref'd n.r.e.) ($535,866.44); *Greyhound Lines, Inc. v. Craig,* 430 S.W.2d 573 (Tex.Civ.App.—Houston 1968, writ ref'd n.r.e.) ($375,000). In light of the above, considering all of the evidence of probative value, the Court is of the opinion that the first three contentions of Defendants' Motion for New Trial should be denied.

Defendants' last two contentions of error concern the Court's charge to the jury. In this case, the Plaintiff refused to submit to an operation for the injuries he sustained to his back in the accident here in question, despite doctors' advice to the contrary. The Court submitted the damages issue to the jury in one question, Question No. 9, and provided for a single sum answer. In part III of Question No. 9, the Court instructed the jury as follows:

> III. In considering future reasonable medical and hospital expenses, future physical pain, suffering, and mental anguish, and loss of future earning capacity, you are further instructed that you may take into account whether or not the plaintiff Otto Bohannon is reasonable in refusing to submit to surgery for his condition, and that you may further consider the differences, if any, in such damages that his refusal may create. In other words, if you find from a preponderance of the evidence that plaintiff is

unreasonable in refusing surgery and that in reasonable medical probability the plaintiff's future damages would be diminished by surgery, then you may reduce his recovery by such amount, if any, as you may find is proximately caused by his refusal to submit to surgery.

Defendants have consistently argued that they were entitled to an exclusionary instruction mandating that the jury entirely restrain from considering any future damages proximately caused by Plaintiff's failure to mitigate damages by submitting to surgery, if the jury found that an ordinarily prudent person would have done so. Plaintiff, on the other hand, earlier urged that no instruction at all be submitted.

There are two opinions of the Texas Supreme Court in point, both authored by Chief Justice Calvert. *Producers Chemical Co. v. McKay,* 366 S.W.2d 220 (Tex.1963) [hereinafter *"McKay"*] was an action for personal injuries based in part on a partial loss of hearing. There was medical testimony to the effect that the degree of loss would be reduced by use of a hearing aid, and the defendants there objected to the trial court's instructions, which did not include an exclusionary instruction as to mitigation of damages. The Texas Supreme Court held that the failure of the trial court to include such an instruction was not error.

> While the medical testimony was certainly admissible and entitled to weight in determining the degree and extent of loss of earning capacity, to hold with Producers, where artificial aids or prosthetic devices can relieve some of the handicaps of permanent injuries, would lead to further complication of an already complicated set of instructions. *City of Fort Worth v. Satterwhite,* Tex.Civ.App., 329 S.W.2d 899, no writ history, relied on by Producers, is not in point. In that case the plaintiff failed to follow the instructions of her doctor for healing an injury of a purely temporary character. The Court of Civil Appeals held

that failure of the trial court to instruct that the plaintiff could not recover damages which could have been avoided by following competent medical advice was reversible error. Without here passing on the correctness of that ruling, it is at once apparent that the problem in that case was entirely different from the problem in this case.

*Id.* at 227.

In *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444 (Tex.1967) [hereinafter *"Moulton"*], the plaintiff suffered an injury to his knee, for which his doctor advised him "to stay off the knee and take care of it," and, had he done so, the knee would evidently have healed within a brief period. But the plaintiff ignored his doctor's advice and aggravated his condition to the point where he lost his job and was still in pain eighteen months after the injury. The Texas Supreme Court discussed the problem of charging the jury as to mitigation of damages in some length.

> We recognize the universality of the rule that an injured person cannot recover damages which can be avoided by that care and treatment of his injury which an ordinary prudent person would exercise in the same or similar circumstances.
>
> \* \* \* \* \* \*
>
> Special issue No. 45 required the jury to find from a preponderance of the evidence a sum of money which, if paid in cash, would "fairly and reasonably compensate the plaintiff for the injuries, if any, proximately caused by the accident in question." The court instructed the jury that in arriving at their answer they could take into consideration certain elements of damages "and none other." The instruction listed the elements which could be considered as past and future physical and mental pain and suffering, and loss of earnings and impaired earning capacity, which were found to have been proximately caused by the accident. On the basis

> of the testimony heretofore detailed, the instruction was incomplete and therefore defective because it did not *exclude* from consideration in arriving at the sum to be awarded, such damages, if any, as may have been proximately caused by the failure of the plaintiff to care for and treat his knee injury as a reasonable prudent person would have done in the exercise of ordinary care under the same or similar circumstances. The defendant was entitled to have such damages affirmatively excluded.
>
> \* \* \* \* \* \*
>
> Alamo objected to the issue and the instruction given in connection therewith because the jury was not instructed that Moulton was not entitled to recover damages "which could have been avoided by following competent medical advice when under the same or similar circumstances a person of ordinary prudence in the exercise of ordinary care would have complied with such advice in his own interest." We hold that the objection was sufficient to call the court's attention to the defect in the charge and that the trial court erred in refusing to give an affirmative exclusionary instruction. As applied to the evidence in this case, we would find no serious fault with an instruction couched in the quoted language; but we observe that the better practice generally would be to instruct the jury that in arriving at its answer to the issue it should not include any sum for physical and mental pain and suffering, loss of earnings, etc., if any, proximately caused by failure of an injured person to care for and treat his injuries, if any, as a reasonable prudent person would in the exercise of ordinary care under the same or similar circumstances. See *West Lumber Co. v. Keen,* 221 S.W. 625, 629 (Tex.Civ.App. —Beaumont 1920), reversed on other grounds, 237 S.W. 236 (Tex.Com.App. 1922). An exclusionary instruction in the suggested language will cover sit-

uations in which there is evidence of negligence on the part of the plaintiff in failing to consult a doctor, in failing to consult a doctor as soon as a reasonable prudent person would, in failing to follow a doctor's advice, or simply in failing properly to care for and treat injuries which do not require the attention of a doctor.

*Id.* at 447–450.

One way in which to reconcile the two cases is to hold that where failure of the plaintiff to follow his doctor's advice in fact causes a serious or permanent injury, where it had previously been only minor or temporary, the defendant is entitled to an exclusionary instruction on mitigation of damages. But where the plaintiff has already suffered a serious or permanent injury, and merely fails to follow his doctor's advice as to partial elimination of pain or disability, the defendant is not entitled to an exclusionary instruction. This is the construction adopted by the Plaintiff in the present action.

▓ Closer inspection of the two cases reveals that one of the major considerations of the Texas Supreme Court is overcomplication of jury instructions, and, thus, jury confusion. *McKay* plainly states that medical testimony concerning mitigation of damages is to go to the jury, and to be considered by it in regard to the award of damages. For this reason, the Court found it proper to give the permissive exclusionary instruction, instructing the jury and making them aware that mitigation of damages was a proper subject of consideration by them. Such an instruction is adequate to protect against abuse of the judicial system by truly unreasonable plaintiffs and by those who would claim that they would not have an operation, then, after the trial, submit to one. Both *McKay* and *Moulton,* however, make it clear that a mandatory exclusionary instruction in a case involving injuries already serious and not aggravated by the plaintiff, can be very confusing to the jury. *See McKay,* 366 S. W.2d at 227; *Moulton,* 414 S.W.2d at

448–449. The jury would be forced to speculate on what the outcome of the operation might be to be able to determine how much of Plaintiff's future damages are proximately caused by Plaintiff's failure to submit to an operation.

Moreover, mitigation of damages is not as strict a doctrine in tort as it is in contract. In contract, mitigation is necessary to keep the machinery of business and commerce moving as efficiently as possible. The purpose of a tort action is to make the plaintiff whole again. The law requires that all parties act as ordinarily prudent persons as protection against abuse of the judicial system. But where a permissive exclusionary instruction serves to protect the judicial system, there are real problems with requiring the plaintiff to submit to an operation. The Texas Supreme Court in *Moulton* carefully drew the line as to when a mandatory exclusionary instruction is proper.

An exclusionary instruction in the suggested language will cover situations in which there is evidence of negligence on the part of the plaintiff in failing to consult a doctor, in failing to consult a doctor as soon as a reasonable prudent person would, in failing to follow a doctor's advice, or simply in failing properly to care for and treat injuries which do not require the attention of a doctor. *Moulton,* 414 S.W.2d at 450.

Taken in context, the *Moulton* decision requires an exclusionary instruction only in the most basic situations, where the plaintiff himself fails to care for his injuries. The phrase, "in failing to follow a doctor's advice," cannot be taken out of context and made to read "in failing to follow a doctor's advice to submit to surgery," at least when a major surgery is required

Defendants rely principally on *Phillips v. Williams,* 519 S.W.2d 891 (Tex. Civ.App.—Eastland 1975, no writ), which holds that it was not reversible error to give an exclusionary instruction for failure to mitigate damages where

the plaintiff refused to undergo a knee operation. The Court in *Phillips* construed *Moulton* as requiring a plaintiff to submit to a recommended operation in order to mitigate damages, citing only *Moulton*, and failing to discuss the *McKay* case. *Phillips* may well be differentiable on its facts, since a back operation is for more serious an operation than is knee surgery. *See Sam Kane, Inc. v. Mathisen*, 504 S.W.2d 804 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). To the extent that *Phillips* cannot be differentiated on its facts, this Court is of the opinion that it misinterprets *Moulton* and, because of its failure to reconcile *Moulton* with *McKay*, is not an accurate statement of the law in Texas. Even accepting the holding in *Phillips* to be an accurate statement of the law, when taken with *McKay*, it stands only for the proposition that it is not necessarily error either to submit or not to submit a mandatory exclusionary instruction.

Having considered the arguments and contentions of Plaintiff and Defendant, the Court is of the opinion that Defendant's Motion for New Trial should be denied.

It is so ordered.