**Deanna YOUNG, Appellant,**

**v.**

**T. Don CLARK d/b/a Don Clark Personnel Services, Appellee.**

**No. A14–86–535–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 9, 1987.

Rehearing Denied May 28, 1987.

Maurice L. Bresenhan, Jr., Houston, for appellant.

Scott Rothenberg, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

OPINION

ROBERTSON, Justice.

This is an appeal from a take nothing judgment entered in an action for breach of contract. In six points of error appellant

complains of the special issue submitted and the failure of the court to grant her motion for judgment notwithstanding the verdict and her motion for new trial. We affirm.

Appellee is in the personnel placement business. Appellant was employed by appellee for approximately one year. During that time she made numerous placements and her compensation was based upon a percentage of the fees received by appellee for those placements. She voluntarily terminated her employment with appellee and, apparently, started her own personnel placement business. This suit was brought for her share of the fees appellee received from placements she had made prior to her termination. Her petition alleged the terms of an employment agreement and the amount due under that contract. Appellant answered with a general denial.

At trial appellant testified concerning the alleged employment agreement with appellee and specifically denied that there was "any understanding or agreement with [appellee] that [she] would not be paid for work that [she] had done even if the commission were received after [she] left." Appellee acknowledged the fee structure testified to by appellant, but disagreed with appellant's version of the employment agreement. He produced a written "compensation plan" and testified that he explained the plan to appellant at the time she was employed. The plan called for commission payments based upon "cash collections within each month which are received while the consultant is employed by the firm." He further testified that this provision was consistent with the common practice in the industry.

The case was submitted to the jury on a single special issue:

Do you find from a preponderance of the evidence that on or about the date of Plaintiff's employment with Defendant it was the part of the agreement of Plaintiff and Defendant that Plaintiff was to receive commissions for job placements like the placements of John Lippencott, David Androl, and Christine Crane *even though the invoices for said placements would not be paid to Defendant until a time after Plaintiff had resigned from her employment with Defendant?* (emphasis added).

Appellant's only objection to the charge was to the emphasized portion of the issue because it "essentially admits an affirmative defense that was not raised by the pleadings of the defendant." The objection was overruled and the case was submitted to the jury. The jury answered "We do not."

■ In her first four points of error appellant contends the court erred in submitting the issue with the contested language. First, she contends the issue erroneously included an unpled affirmative defense and placed the burden on her to negate it. We do not agree.

■ Appellee's claim that appellant was to be paid for placements only if the fees were received prior to the termination of her employment was not an affirmative defense. Therefore, it was not required to be specifically pled. The affirmative defense rule was best stated by the supreme court in *W.L. Moody & Co. v. Rowland*, 100 Tex. 363, 99 S.W. 1112 (1907):

The defendant may, by a general denial, put the plaintiff upon proof of the facts alleged in the petition, and, under such general denial, the defendant would be entitled to introduce evidence which tended to disprove the facts alleged in the plaintiff's petition, and to rebut evidence offered by the plaintiff. If a defendant desires to introduce evidence of a fact which does not tend to rebut the facts of the plaintiff's case, but which show an independent reason why the plaintiff should not recover upon the case stated and proved, then such defendant must plead the facts which will avoid the legal consequence of plaintiff's case, else the testimony will not be admissible, and a judgment rendered upon such evidence, admitted under a general denial, will not be sustained.

This rule was again approved by the supreme court in *Moulton v. Alamo Ambulance Service Inc.*, 414 S.W.2d 444 (Tex. 1967). The fact issue to be decided by the

jury was the terms of the contract. Appellee's testimony merely rebutted appellant's testimony concerning the terms of the contract; it was not evidence of an independent reason why appellant should not recover.

Appellant also contends the submission of the issue was error because it improperly placed the burden upon her to prove that she was to receive compensation for placements made even if the fees were received after termination of her employment when it was the defendant's burden to submit to the jury by issue or instruction his theory of the contract. We do not agree.

This objection was not properly preserved and, therefore, is not before us for review. Tex.R.App.P. 52(a). Even if appellant's complaint had been properly preserved, it would still be without merit. As we have already stated, the controlling issue of this case was the terms of the contract, and according to Tex.R.Civ.P. 277 the trial court was not only authorized under the facts disclosed by this record, but compelled to submit the issue broadly in order to avoid a proliferation of special issues. *See Island Rec. Dev. Corp. v. Republic of Texas Sav.*, 710 S.W.2d 551, 555 (Tex.1986). Appellant's first four points of error are overruled.

In her fifth and sixth points of error appellant asserts the trial court erred in denying her motion for judgment notwithstanding the verdict and motion for new trial. The motions were based upon her contentions that the evidence established as a matter of law she was entitled to compensation and further that the jury finding on the one issue submitted was against the great weight and preponderance of the evidence. As previously discussed, and admitted by appellant, the terms of the contract were disputed. Clearly, appellant was not entitled to judgment as a matter of law. The jury resolved the disputed issue against appellant and, considering all the evidence, it cannot be said the verdict is manifestly unjust or clearly demonstrates bias. Appellant's fifth and sixth points of error are overruled.

The judgment of the trial court is affirmed.