Long Star v. Roten 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-134-CV

        LONE STAR GAS COMPANY,
                                                                                       Appellant
        v.

        BILLY CHARLES ROTEN,
                                                                                       Appellee
 

 From the 249th District Court
Johnson County, Texas
Trial Court # 249-331-90
                                                                                                     

O P I N I O N
                                                                                                    

          Billy Charles Roten conveyed a pipeline easement to Lone Star Gas Company, retaining
the "full use and enjoyment of the premises." Lone Star agreed to pay any damages to growing
crops or fences resulting from the construction, maintenance, and operation of its pipelines. In
June 1990, Lone Star entered Roten's property to replace a pipeline and, in doing so, "ripped up"
grass growing on the land, left debris, and compacted the soil, preventing future crop growth. 
Roten sued Lone Star for breach of the contract. In a bench trial, the court entered judgment for
Roten in the amount of $5,875.
          Lone Star brings two points of error. First, it asserts that the trial court erred in refusing
to grant a new trial. In this point, Lone Star complains of several things. One is that the evidence
is insufficient to support the court's award of $5,875 for damages to growing crops and fences. 
When the complaining party challenges the factual sufficiency of a finding in favor of the party
who had the burden of proof on that finding, the reviewing court must sustain the finding unless
all the evidence, both for and against it, is so weak or insufficient that the finding is manifestly
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). Factual insufficiency of the evidence
does not, however, authorize an appellate court to disregard a finding entirely or make a contrary
finding in entering a final judgment for one of the parties. Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965). 
          Lone Star contends that only coastal bermuda grass was growing on Roten's land and that
it is not considered a growing crop. Roten testified, however, that he planted the coastal bermuda
grass, fertilized it, harvested it, and baled it for hay. "All plants which are planted and cultivated
are considered growing crops." Union Producing Co. v. Allen, 297 S.W.2d 867, 871 (Tex.
App—Beaumont 1957, no writ). We believe the evidence is sufficient to support a finding that
the coastal bermuda grass was a crop planted and cultivated. See Cain, 709 S.W.2d at 176.
          In addition, Lone Star alleges that the record lacks sufficient evidence of the value of this
crop. Both Roten and Frank Bumpus, a County Extension Agent, testified regarding various
values of the coastal bermuda grass. We hold that this evidence is sufficient to support the
finding. See Id. 
          Lone Star next complains that the court awarded future damages to Roten and that such
damages are not allowed under the contract or under Texas law. Roten's petition stated: "The
Defendant damaged approximately seven (7) acres of the property of the Plaintiff. The Defendant
disturbed the topsoil, drove heavy equipment over this seven (7) acres, thereby killing the
vegetation and rendering the property non-productive or less productive than it would have been
for a period for three (3) to five (5) years." Lone Star answered Roten's petition with only a
general denial.
    Rule 90 of the Rules of Civil Procedure states, in part, that "[e]very defect . . . of substance,
which is not specifically pointed out by exception in writing and brought to the attention of the
judge, . . . shall be deemed to have been waived by the party seeking reversal on such account." 
Tex. R. Civ. P. 90. If a defendant takes exception to the allegations in the plaintiff's petition, he
must file special exceptions. See Estate of Stonecipher v. Estate of Butts, 686 S.W.2d 101, 103
(Tex. 1985) (per curiam). Lone Star did not do so; therefore, Lone Star waived this complaint
and may not raise it on appeal. See id.; Gonzales v. Regalado, 542 S.W.2d 689, 692 (Tex. Civ.
App.—Waco 1976, writ dism'd).
          Lone Star next asserts that the court erred in refusing to grant a new trial because Roten
did not prove that he mitigated his damages. Before discussing mitigation of damages, we again
point out that Lone Star filed only a general denial. 
      In Moulton v. Alamo Ambulance Service, Inc., 414 S.W.2d 444, 448 (Tex. 1967), the
Supreme Court held that mitigation of damages in a personal injury case was not an affirmative
defense to be pleaded under Rule 94 of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 94. 
The decision was based on the definition of an affirmative defense found in W. L. Moody & Co.
v. Rowland, 100 Tex. 363, 99 S.W. 1112, 1115 (1907), which is as follows:
The defendant may, by a general denial, put the plaintiff upon proof of the facts
alleged in the petition, and, under such general denial, the defendant would be
entitled to introduce evidence which tended to disprove the facts alleged in the
plaintiff's petition, and to rebut evidence offered by the plaintiff. If a defendant
desires to introduce evidence of a fact which does not tend to rebut the facts of the
plaintiff's case, but which shows an independent reason why the plaintiff should not
recover upon the case stated and proved, then such defendant must plead the facts
which will avoid the legal consequence of plaintiff's case, else the testimony will
not be admissible.

The Supreme Court found that this definition did not apply to mitigation in personal-injury cases
based on negligence. Moulton, 414 S.W.2d at 448. 
          Since this decision, the courts of appeals have disagreed on whether mitigation is an
affirmative defense. E.g., P. G. Lake v. J. M. Sheffield, 438 S.W.2d 952, 956 (Tex. Civ.
App.—Tyler 1969, writ ref'd n.r.e) (a suit for breach of an oil and gas lease for damages because
the land was not repaired; the affirmative defense of mitigation was not pleaded, and was therefore
waived); Union Carbide Corp. v. Gayton, 486 S.W.2d 865, 870 (Tex. Civ. App.—Houston [14th
Dist.] 1972, writ ref'd n.r.e.) (holding the defendant had the duty to plead mitigation in a suit for
breach of an employment contract); Birge v. Toppers Menswear, Inc., 473 S.W.2d 79, 86 (Tex.
Civ. App.—Dallas 1971, writ ref'd n.r.e.) (stating, "In our opinion, the matter of mitigation of
damages was not an affirmative defense required to be specially pled by Rule 94" in a suit for
damages on a written lease of property). 
           Under the Supreme Court's definition and reasoning in Moulton, mitigation is an
affirmative defense in a breach-of-contract action. See Moulton, 414 S.W.2d at 448. It would
defeat the plaintiff's claim in whole or in part and would be an independent reason why the
plaintiff should not recover. See id. We hold that Lone Star had the duty to plead Roten's failure
to mitigate damages and cannot now complain that there was "no evidence that Plaintiff mitigated
or attempted to mitigate his damages." Tex. R. Civ. P. 94. 
           We overrule point one in its entirety.
          In its second point, Lone Star asserts that the judgment is not supported by the findings of
fact. In particular, Lone Star complains that the findings of fact do not contain a specific finding
of a dollar amount of damages. A judgment may not be supported on appeal by a presumed
finding on any ground of recovery or defense, no element of which has been included in the
findings of fact; but when one or more elements thereof have been found by the trial court, omitted
unrequested elements, when supported by evidence, will be supplied by presumption in support
of the judgment. Tex. R. Civ. P. 299. The court found (1) that Lone Star damaged seven acres
of Roten's property, (2) that it used heavy equipment which compacted the soil and prevented the
growth of crops or the productive use of the land, (3) that Lone Star left debris on the property,
and (4) that it used more land than was reasonably necessary to replace the pipeline, along with
several other findings that relate to damage of the property. All of these findings are elements of
the damages suffered by Roten and support the amount awarded by the court. The court's award
of $5,875 is supported as an implied finding of fact. See id.
          Lone Star also complains that the court made no findings of fact on mitigation. We need
not discuss this contention in view of our holding that mitigation is an affirmative defense which
Lone Star did not plead.
          Point two is overruled.
          We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 15, 1992
Publish