Mrs. Vera ROBERTS et vir, Appellants,

v.

K–MART FOODS, INC., Appellee.

No. 17666.

Court of Civil Appeals of Texas, Dallas.

July 30, 1971.

Rehearing Denied Sept. 17, 1971.

James C. Barber, Mullinax, Wells, Mauzy & Collins, Dallas, for appellants.

Jack D. Sides, Jr., White, McElroy & White, Dallas, for appellee.

BATEMAN, Justice.

The appellants sued for damages because of injuries sustained by Mrs. Roberts when she slipped on a green bean on the floor and fell in appellee's grocery store. The jury did not find either appellee or Mrs. Roberts guilty of negligence and found that the occurrence was the result of an unavoidable accident. Judgment was given appellee on this verdict, and appellants appeal on seventeen points of error.

The first six of these are concerned with Special Issue No. 8, which inquired about unavoidable accident. Appellee had alleged that the accident in question was the result of an unavoidable accident at least insofar as the defendant was concerned, and appellants complain of the overruling of their special exceptions to that pleading, the submission of Special Issue No. 8 (as being without support in the evidence), and the granting of judgment on the basis of the answer to Special Issue No. 8 because there was no evidence to support the finding and the finding was contrary to the great weight and preponderance of the evidence. All six of these points of error are overruled because they relate to a wholly immaterial matter in light of failure of the jury to find either party guilty of any negligence proximately causing the injuries. Webb v. City of Lubbock, 380 S.W.2d 135, 137 (Tex.Civ. App., Amarillo 1964, writ ref'd n. r. e.); Leatherwood Drilling Co. v. TXL Oil Corporation, 379 S.W.2d 693, 698 (Tex.Civ. App., Dallas 1964, writ ref'd n. r. e.); Adkins v. Texas & P. Ry. Co., 233 S.W.2d 956, 958 (Tex.Civ.App., Fort Worth 1950, writ ref'd); Brown v. Dallas Gas Co., 42 S.W.2d 869 (Tex.Civ.App., Waco 1931, writ ref'd).

Appellants' exception to the pleading of unavoidable accident was well taken and should have been sustained. Breaux v. Slocum, 438 S.W.2d 403, 405 (Tex.Civ. App., Beaumont 1968, no writ). However, if it had been sustained and the issue not given, "the outcome of the lawsuit" would have been the same, since appellee was acquitted of negligence. Leatherwood Drilling Co. v. TXL Oil Corporation, supra. The error was, therefore, harmless. Rule 434, Vernon's Texas Rules of Civil Procedure.

Appellants also contend that the mere submission of the unavoidable accident issue, when there was no evidence to support it, "diverted" the jury from finding appellee to have been negligent. We do not agree with appellants. In the first place, we think there was ample evidence to support the issue of unavoidable accident. There was evidence that the floor was white with green specks in it, that the bean was green and smaller than those in the bin, and that Mrs. Roberts fell fifteen to twenty-five feet from the bin in which the beans were displayed for sale. Moreover, there was no evidence that appellee had placed the bean on the floor or knew that it was there. The evidence showed that it was shortly before Christmas and several other customers were in the area, any one of whom could have dropped the bean. Mrs. Roberts was the only witness who testified as to the presence of the bean.

In the second place, we are not convinced that the jury in this case was, or that the average jury would be, misled by the unavoidable accident issue into inadvertently finding no negligence, or "diverted" from finding appellee negligent. There was nothing inflammatory or suggestive in the manner of submitting the issue and we will not presume that the manner in which it was submitted in any way influenced the jury in answering any of the other issues. Blumrosen v. Burke, 37 S.W.2d 1070, 1073 (Tex.Civ.App., Waco 1931, writ dism'd).

Under their Points of Error Nos. 7 and 8 the appellants complain of the overruling of their objection to a certain argument made by counsel for appellee and the refusal of the court to instruct the jury to disregard the argument. The argument complained of was:

"Now, I will go back to Issue No. Eight, and it says, do you find from a preponderance of the evidence that the occurrence in question was not the result of an unavoidable accident? The way that is worded you go in with a presumption that it was and that * * *,"

at which point counsel for appellants objected because the law was thus misstated, that there was no such presumption, and he moved the court to instruct the jury to disregard the statement, which objection and motion were overruled. Not only did the argument relate to an issue which became immaterial when the jury acquitted both parties of negligence, but we do not regard the argument and rulings of the court as being reversible error. We are of the opinion that the attorney was merely calling attention to the wording of the issue which imposed on appellants the burden to prove by a preponderance of the evidence that the occurrence in question was not the result of an unavoidable accident. The seventh and eighth points are therefore overruled.

By their Points 9 and 10 appellants complain of the sustaining of special exceptions to subparagraph (7) of paragraph II of their first amended original petition. As these points are not briefed, they are considered as waived and are therefore overruled. Employers' National Life Ins. Co. of Dallas, Tex. v. Willits, 436 S.W.2d 918, 923 (Tex.Civ.App., Amarillo 1968, writ ref'd n. r. e.) and other cases cited therein.

In their eleventh point of error appellants complain of the refusal of their requested Special Issues Nos. 14, 15 and 16, inquiring as to whether the defendant failed to make an adequate inspection of the area where the plaintiff slipped and fell, whether such failure, if any, was negligence and a proximate cause of the plaintiff's injuries.

We think the substance of these requested issues was contained in Special Issues Nos. 3, 4 and 5 as submitted in the court's charge, wherein the court inquired whether the jury found from a preponderance of the evidence that the bean, if any,

had been on the floor for a sufficient length of time for defendant's agents, servants and employees in the exercise of ordinary care to have discovered and removed it, and whether such failure, if any, was negligence and a proximate cause. The jury answered Special Issue No. 3, "We do not." That negative answer may be equated, in our opinion, with an answer to appellants' requested Special Issue No. 14, if it had been submitted, that the jury did not find from a preponderance of the evidence that the defendant failed to make an adequate inspection of the area.

■ In their Point No. 12 appellants complain of the trial court's refusal to submit their requested Special Issues Nos. 29, 30 and 31, inquiring as to whether the defendant failed to provide an adequate bin or "wet-rack" for the storage of the green beans, and, if so, whether this was negligence and a proximate cause. We see no merit in this point. In the first place, the point is not briefed and must be considered waived. Employers' National Life Ins. Co. of Dallas v. Willits, supra.

■ In the second place, neither this point nor the eleventh point was properly preserved for review on appeal, in that they were not properly set forth or complained of in the motion for new trial. The only portion of that motion which could be said to refer to these requested issues is paragraph XI, as follows:

"The Court erred in failing to submit and in rejecting the proposed instructions and special issues submitted by your Plaintiffs, which are on file with the records of this case, and which were offered by the Plaintiff prior to the time the Charge was read to the Jury and rejected by this honorable Court. Copies of these issues are appended as an exhibit to Plaintiffs' Motion for New Trial."

We do not consider it permissible, in a motion for new trial, to make one complaint of the action of the trial court in refusing two proposed instructions and thirty-five requested special issues, compelling the trial court to sift and sort all of such instructions and requested special issues to ascertain which of the issues had been given, or in effect included in issues given, and which of such requests, if any, had merit. We believe the motion for new trial thus failed to "specify each ground on which it is founded," as required by Rule 320, T.R.C.P. Neither do we think the motion complied with Rule 321, T.R.C.P., which requires that each ground thereof refer to that part of the ruling of the court "in such way as that the point of objection can be clearly identified and understood by the court." Rule 374, T.R.C.P., provides, in part:

"A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived."

Moreover, we have carefully read the entire statement of facts, and find no evidence therein to support the submission of appellants' requested Special Issues Nos. 29, 30 and 31. The record contains no evidence to indicate a duty on the part of the operator of a grocery store to display green beans in bins or on "wet-racks" of a certain size, shape or depth, and no evidence to indicate that if appellee had provided a bin or "wet-rack" of a different size, shape or depth for the green beans on the occasion in question, Mrs. Roberts' fall would have probably been averted.

For all of the reasons given above, Points of Error Nos. 11 and 12 are overruled.

■ Appellants moved in limine that appellee be prohibited from referring to the time appellants employed their attorney. This motion was overruled, and on cross-examination of Mrs. Roberts counsel for appellee was permitted, over appellants' objection, to elicit from Mrs. Roberts that she hired her attorney in January, 1970. They complain of these rulings by their Points Nos. 13 and 14, arguing that the in-

quiry was part of an effort to show that Mrs. Roberts was "claims minded." We do not think the authorities cited in support of this argument require a reversal. They do condemn efforts to show that a plaintiff is "claims minded" but we cannot see that appellants' employment of their attorney some forty days after the accident could reasonably be held to have that effect.

■ Moreover, we think the error, if any, was waived when counsel for appellants, on redirect examination of Mrs. Roberts, established the exact date of his employment by her. Butterfield Sales Co. v. Armstrong, 278 S.W.2d 194, 199 (Tex. Civ.App., Amarillo 1954, writ ref'd n. r. e.). Therefore, Points 13 and 14 are overruled.

By their Points Nos. 15 and 16 appellants complain of the trial court's overruling of their objections to argument by defense counsel concerning appellants' failure to call as a witness a five year old boy who witnessed plaintiff's fall, and refusing to instruct the jury "that witnesses are equally available to both sides." The undisputed evidence shows that at the time of her fall Mrs. Roberts was accompanied by a five year old boy for whom she was "baby sitting." She testified that after she fell the boy called her attention to the crushed green bean on the heel of her shoe, removed it and told her she had fallen on it. The boy was not called as a witness.

■ The presence of the bean on the floor where Mrs. Roberts fell was a hotly contested issue. The jury found that it was there. Therefore, if the argument was improper and the rulings of the court erroneous, the error was harmless. Rule 434, T.R.C.P. Accordingly, Points Nos. 15 and 16 are overruled.

■ There was no evidence to show that the defendant put the green bean on the floor, or knew that it was there and willfully or negligently failed to remove it, or that the bean had been on the floor for such a period of time that the defendant would have discovered and removed it had it exercised ordinary care. This entitled appellee to a judgment. H. E. Butt Grocery Co. v. Johnson, 226 S.W.2d 501, 502 (Tex.Civ.App., San Antonio 1949, writ ref'd n. r. e.) ; Todd v. Hill's, Inc., 383 S. W.2d 250 (Tex.Civ.App., Fort Worth 1964, wit ref'd n. r. e.).

However, appellants contend that appellee was nevertheless negligent in failing to package its green beans instead of displaying them in bulk in open bins. In Special Issue No. 6 the court inquired as to whether the jury found from a preponderance of the evidence that the failure of the defendant to package the beans was negligence. The jury answered "No." Appellants argue under their Point No. 17 that this answer was contrary to the great weight and preponderance of the evidence and manifestly unjust.

■ Without unduly extending this opinion by reciting the evidence and discussing the authorities cited, we hold that a careful study of the entire record convinces us that this finding was not contrary to the great weight and preponderance of the evidence but was amply supported by the evidence.

Moreover, we find no evidence in the record to the effect that such failure to package was a proximate cause of Mrs. Roberts' fall. Swan v. Kroger Company, 452 S.W.2d 793 (Tex.Civ.App., Beaumont 1970, writ ref'd n. r. e.). Accordingly, the seventeenth point of error is also overruled.

The judgment is affirmed.