Frances PRUNTY, Appellant,

v.

POST OAK BANK et al., Appellees.

No. 719.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 11, 1973.

Rehearing Denied May 2, 1973.

John Mustachio, Houston, for appellant.

T. M. Kemper, Richard W. Ewing, The Kempers, Frank G. Jones, Stephen C. Dillard, Fulbright, Crooker & Jaworski, Houston, for appellees.

COULSON, Justice.

This is a "slip and fall" case.

Frances Prunty, plaintiff below and appellant here, slipped and fell in the lobby of the Post Oak Bank building on a clear August day in 1968. Her hipbone was broken by the fall and her later condition was complicated by infection resulting in osteoporosis. Mrs. Prunty brought suit against Post Oak Bank and Allied Maintenance Corporation of Texas, appellees here, to recover damages for her injuries resulting from the fall. At the close of the plaintiff's evidence the trial court granted Allied's motion for an instructed verdict.

In answer to special issues concerning Post Oak Bank's liability the jury (1) found that the Bank allowed its agents or employees to maintain the lobby floor in a slippery condition; (2) failed to find that such conduct was negligence; (3) found that the Bank's agents or employees knew or should have known of the slippery condition of the floor prior to the accident; (4) failed to find that the Bank failed to exercise ordinary care in not warning the public of the condition; (5) found that the Bank failed to timely inform the maintenance company of the slippery condition; (6) failed to find such failure to timely inform was negligence; (7) failed to find the plaintiff contributorily negligent in any manner; and (8) found her actual damages to be $25,000. Based on the jury's answers judgment was entered for Post Oak Bank.

From the judgment plaintiff perfected this appeal.

Taken as a whole appellant raises five proper points of error. The "no evidence" points of error with reference to the jury's failure to find defendant negligent in its conduct are improper and do not invoke our authority to review. A jury's failure to find affirmatively on a special issue merely means the party proponent failed to meet his burden of proving the fact and evidence is not required to support the negative answer. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966) and Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960).

■ Appellant complains that, contrary to the jury's negative answer on the issue of negligence, the evidence establishes as a matter of law that the Bank was negligent in allowing the lobby floor to be maintained in a slippery condition, or alternatively, that the jury's negative answer is in disregard of the overwhelming preponderance of the evidence. Appellee Bank contends incorrectly that this Court cannot review a negative finding on a great weight point of error, citing Smith v. Safeway Stores, Inc., 433 S.W.2d 217 (Tex.Civ.App. —Tyler 1968, writ ref'd n. r. e.) for the proposition that review of a negative finding can be had only where appellant contends the evidence establishes the fact as a matter of law. The Calvert article, supra pp. 363–364, which is the basis for appellee's (Bank) contention, discloses that the author is writing there of the situation where the party complaining of a negative answer desires the judgment be reversed and *rendered* in his favor. In that situation an appellant certainly should urge that the fact is established by the evidence as a matter of law. Here the appellant seeks a reversal and *remand* for new trial. His great weight point of error as to the jury's negative finding properly invokes our fact finding powers. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (Tex.Sup.1951).

■ Appellant's first point of error (properly set out as three points of error in appellant's brief) regards the jury's failure to find the maintenance of the floor in a slippery state to be negligence. She contends that allowing a floor to remain slippery is negligence as a matter of law, or alternatively, that the great weight of the evidence shows such maintenance here to be negligence. The evidence adduced at trial is that the maintenance procedures and techniques used on this floor were standard and that the floor was clean and shiny on the day of the accident. There was no evidence introduced to show that there was a better way in which to maintain the floor. While a jury might properly find negligence on this issue from the

circumstantial evidence here, people slipping on the floor, we cannot say that a failure to so find is in disregard of the overwhelming preponderance of the evidence, especially when the uncontroverted evidence is that the maintenance procedures used were standard for this type of surface.

The same evidence points of error are made as to the jury's failure to find the Bank negligent for not warning the public of the slippery condition. The issue was submitted in terms of failure "to exercise ordinary care." What is ordinary care will vary with the particular circumstances. Witnesses from the Bank and from a travel service located on the lobby floor testified that no one had ever fallen in the lobby prior to the accident in issue. We must assume the trier of facts considered this factor and concluded that ordinary care did not require a warning from defendant Bank. Again we cannot say the negative answer was in disregard of the great weight of the evidence or the failure to warn was negligence as a matter of law.

It follows that since the jury's negative answers complained of above must be sustained the Court cannot say the jury improperly failed to find the Bank negligent for not warning the janitorial maintenance service, Allied, of the slippery conditions —the maintenance of which the jury failed to find to be negligent. The above points of error are overruled.

Appellant next complains of the trial court's granting Allied's motion for an instructed verdict. In passing on the propriety of an instructed verdict this Court,

"accepts as true all evidence which, when liberally construed in favor of the adverse party, tends to support such adverse party's contention . . .; indulges every reasonable inference which can properly be drawn in favor of such opponent's position from the evidence; and discards all contradictory evidence favorable to the movant. If, so viewed, the evidence amounts to more than a

scintilla, i. e., more than a mere suspicion or speculation . . ., an issue is at least raised."

3 McDonald, Texas Civil Practice sec. 11.-28.2 (1970). If a fact issue is raised, then instructing the verdict is improper.

■ In order for Allied to be found liable in some way to plaintiff it had to be shown that either Allied had notice of the slippery state of the floor or that its maintenance procedures in some way deviated from the commonly accepted standards for care of such floors. There was no evidence of any such deviation anywhere in the record. As to notice there was no evidence suggesting that the janitorial service knew of the floor's slippery state prior to the time of Mrs. Prunty's fall. Plaintiff failed to raise a material fact issue which could have made Allied liable. There was no error in granting defendant janitorial service's motion for an instructed verdict.

■ Appellant's final point of error complains of the trial court's giving an instruction on unavoidable accident as she contends there was no evidence to support it. The appellee, Post Oak Bank, had plead defensively that,

"The events, injuries and damages of which plaintiff complains were, all and singular, the result of an unavoidable accident."

The jury failed to find either party guilty of any negligence. Inasmuch as issues on proximate cause were predicated upon affirmative findings of negligence, the jury properly made no answer to such proximate cause issues. We think there was evidence to support the instruction on unavoidable accident. The evidence established that the plaintiff fell on a shiny, clean and slippery lobby floor. Plaintiff did not testify as to what caused her to fall. There was evidence that no other person was known to have fallen on the lobby floor. The evidence in this case justified the trial court's instruction which states,

"that an event may occur which is not proximately caused by any of the parties to such an event. Such event is defined in law as an 'unavoidable accident' or an event not proximately caused by the negligence of any party to it."

See Yarborough v. Berner, 467 S.W.2d 188 (Tex.Sup.1971). We will not presume that the instruction on "unavoidable accident" in any way influenced the jury to answer improperly any of the issues which were submitted. Roberts v. K-Mart Foods, Inc., 470 S.W.2d 751 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.) and Tex.R.Civ.P. 434.

Judgment of the trial court is in all things affirmed.

CURTISS BROWN, J., did not participate.