Carl A. PRESLEY, Appellant,

v.

ROYAL INDEMNITY INSURANCE
COMPANY, Appellee.

No. 8476.

Court of Civil Appeals of Texas,
Texarkana.

Nov. 1, 1977.

Jenks Garrett, Arlington, for appellant.

Anne Gardner, Brown, Crowley, Simon &
Peebles, Fort Worth, for appellee.

CORNELIUS, Chief Justice.

In this suit for worker's compensation benefits, the jury found that the plaintiff did not sustain an injury on the date alleged in his petition. A take nothing judgment was rendered in response to the jury finding. Plaintiff appeals on grounds that the jury's finding of no injury is against the great weight and preponderance of the evidence and that the trial court committed reversible error in submitting to the jury an instruction relating to the defendant's contention that a previous injury was the sole cause of plaintiff's disability. The judgment will be affirmed.

■ Although a jury finding that the plaintiff sustained no injury amounts only to a finding that the plaintiff failed to carry his burden of proof on that issue and requires no affirmative evidence to support it, a contention that such a finding is against the great weight and preponderance of the evidence invokes the fact finding power of the Court of Civil Appeals and requires that court to weigh all the evidence in the record and to reverse and remand the case if it concludes that the verdict was so against the weight and preponderance of the evidence as to be manifestly unjust. *Traylor v. Goulding,* 497 S.W.2d 944 (Tex.1973).

Plaintiff went to work for General Motors in December of 1967. In 1969 he sustained a back injury for which he underwent a laminectomy and spinal fusion in 1970. He returned to work sometime in 1971. He was not entirely free from pain and restriction but was able to do ordinary work for which he was trained. He testified that on February 21, 1974, he suffered another injury to his back while he was bending and twisting in order to insert deadening material and carpet in a new automobile. He said that he reported his injury to his foreman and went to the hospital that night where he was given heat treatment. He continued to work except for a short time in March when he was hospitalized for bronchitis. On April 8, 1974, he went to Dr. Van Zandt complaining of pain in his neck, shoulders, back and

hip, and relating that he suffered the injury on February 21. On April 19 Dr. Van Zandt again saw the plaintiff, placed him on sick leave and began therapy. Plaintiff improved and was back at work in August of 1974. On April 30, 1975, plaintiff again returned to see Dr. Van Zandt. At that time the doctor found that plaintiff had experienced a gradual downhill course and he ordered a myelogram. On the basis of that test Dr. Van Zandt re-explored plaintiff's back surgically and performed a transverse fusion. The doctor testified that in his surgery he found that the previous fusion had not taken and that a piece of bone graft was pinching a nerve in plaintiff's back. After the second surgery, plaintiff gradually improved but had not been released to go back to work at the time of trial. He testified he was unable to perform his work at the plant, and could no longer do ordinary things such as bowling or playing tennis or golf.

Plaintiff's own testimony was the only direct evidence that he sustained an injury on February 21, 1974. His other evidence consisted of Dr. Van Zandt's recitation of the history of the injury given to him by the plaintiff, the testimony of fellow workers about plaintiff's absences because of illness, and the testimony of his wife and others who said that plaintiff had reported to them that he had suffered the injury on February 21. The defendant produced no direct evidence disputing the injury but relied upon Dr. Van Zandt's testimony, upon moving pictures taken shortly before the trial which showed plaintiff bending and shoveling in connection with his landscape business, and upon impeachment of the plaintiff's testimony in general. Dr. Van Zandt's testimony was inconclusive. At one point he said it was his opinion, based upon reasonable medical probability, that the February 21 injury reported to him by plaintiff was a producing cause of the plaintiff's problems. At other points, the doctor said that plaintiff's back had not been sound since the initial surgery in 1970, that the fusion at that time was not solid and the bone graft did not take, that the

graft impinged upon and pinched a nerve, and that in his opinion the pinched nerve was what was causing plaintiff's problems. Hospital records for the night of February 21, 1974, were introduced and they failed to reveal that plaintiff had visited or had been treated by the hospital on that date as he had testified.

■ Upon a careful reading of the record here, we cannot say that the jury's finding of no injury is against the great weight and preponderance of the evidence. Plaintiff was an interested witness and the jury was not required to accept his testimony that he had suffered an injury on February 21, 1974. *Lopez v. Associated Employers Insurance Company,* 330 S.W.2d 522 (Tex.Civ.App. San Antonio 1959, writ ref'd); *Reed v. Aetna Cas. & Sur. Co.,* 535 S.W.2d 377 (Tex.Civ.App. Beaumont 1976, writ ref'd n. r. e.). Although the fact of injury was not directly contradicted by the defendant's evidence, there was sufficient doubt cast upon plaintiff's testimony by the medical evidence, the impeachment evidence and the surrounding circumstances as would justify reasonable minds in believing that it was the 1969 injury and the resulting unsuccessful surgery, rather than the alleged injury of 1974, which had caused plaintiff's problems. Certainly the plaintiff's testimony was not so clear, direct and positive and so lacking in circumstances tending to discredit it or impeach it as to render it binding upon the jury. 24 Tex.Jur.2d, Evidence, Sec. 713, pp. 373, 374; Ibid., Sec. 714, pp. 375–377. The testimony of plaintiff's wife and fellow workers that plaintiff reported the injury to them constituted hearsay as to the fact of injury and could not form the basis of a verdict even in the absence of an objection. 1 McCormick & Ray, Texas Evidence, Sec. 31, p. 33 (2d ed. 1956). And Dr. Van Zandt's recitation of the history of the injury as reported to him by the plaintiff, although admissible to show the basis of the doctor's opinion as to the cause of plaintiff's problems, was not competent evidence that an injury in fact occurred on the date alleged. *Travelers Insurance Company v. Smith,* 448 S.W.2d 541 (Tex.Civ.App. El Paso 1969, writ ref'd n. r. e); *Bean v.*

*Hardware Mutual Casualty Company,* 349 S.W.2d 284 (Tex.Civ.App. Beaumont 1961, writ ref'd n. r. e.). The first point of error is respectfully overruled.

■ The second point of error complains of the following instruction which the trial court gave to the jury:

"You are instructed that if an employee has suffered a previous on the job injury and suffers a subsequent on the job injury which resulted in a condition of incapacity to which both injuries or their effects have contributed, you shall consider the combined effects of the injuries in determining whether or not the employee has sustained any total and/or partial disability. On the other hand, if you find that the defendant has established by a preponderance of the evidence that the injury of May, 1969, was the sole cause of the present alleged incapacity, then you may not find that the alleged injury of February, 1974, was a producing cause of any alleged incapacity."

It is urged that there was no evidence that the 1969 injury was the sole cause of plaintiff's disability, and that the giving of the instruction in the absence of evidence in support thereof was error which in all probability caused the rendition of an improper verdict. We cannot agree. In view of the jury's finding that plaintiff suffered no injury on February 21, 1974, the question of the previous injury being the sole cause of plaintiff's disability was not reached and became immaterial. *Lopez v. Associated Employers Insurance Company,* supra. Compare *Whited v. Powell,* 155 Tex. 210, 285 S.W.2d 364 (1956); *Prunty v. Post Oak Bank,* 493 S.W.2d 645 (Tex.Civ.App. Houston-14th Dist.1973, writ ref'd n. r. e.); *Hammon v. Texas & New Orleans Railroad Company,* 382 S.W.2d 155 (Tex.Civ.App. Tyler 1964, writ ref'd n. r. e.); *Texas and New Orleans Railroad Co. v. Broadway,* 345 S.W.2d 814 (Tex.Civ.App. Beaumont 1961, no writ). We are unable to agree that the mere giving of the instruction on sole cause probably misled the jurors on the principal issue or in some way induced them to find

against the plaintiff on the question of injury. See *Texas & Pacific Railway Company v. Snider,* 159 Tex. 380, 321 S.W.2d 280 (1959); *Prunty v. Post Oak Bank,* supra; *Roberts v. K–Mart Foods, Inc.,* 470 S.W.2d 751 (Tex.Civ.App. Dallas 1971, writ ref'd n. r. e.).

The judgment is affirmed.