**Halton HALL, Appellant,**

v.

**Wayne ROGERS d/b/a Town and Country Pools, Appellee.**

No. 6259.

Court of Civil Appeals of Texas, Waco.

July 30, 1981.

Robert J. Wilson, Royla M. Cox, Robert J. Wilson and Associates, Inc., Burleson, for appellant.

Robert A. Sparks, Cleburne, for appellee.

## OPINION

JAMES, Justice.

This is a suit brought under the Texas Deceptive Trade Practices-Consumer Protection Act for $5,000.00 alleged actual damages asserted to be the result of breach of express and implied warranties in connection with the construction of a swimming pool. Plaintiff-Appellant Halton Hall brought this suit against Defendant-Appellee Wayne Rogers doing business as Town and Country Pools, subsequent to the completion by Defendant-Appellee Rogers of a swimming pool in Hall's back yard. Plaintiff Hall alleged that on June 28, 1976, he and Defendant Rogers entered into a contract for the construction of a swimming pool on Hall's property; the contract expressly warranted that the equipment and materials used therein would be new and of high quality, and the work would be performed in a good and workmanlike manner; and that if any substantial defect occurred as the direct result of a failure to perform the installation in a good and workmanlike manner, following written notice, that Rogers agreed to correct same at no charge, provided the written notice was received within one year of the contract date. In addition thereto, Plaintiff alleged that Defendant impliedly warranted that the swimming pool would be of good merchantable quality, and be fit for the purpose for which it was intended. Plaintiff further alleged that "substantial structural defects" caused the pool to leak; that Plaintiff wrote letters advising Defendant of such defects; that Defendant took no action until May 1977, at which time he attempted to make repairs but did not correct the leakage problem; that Defendant converted what was originally a two water line system to a one water line system; that Defendant breached the above-stated express and implied warranties; that Plaintiff incurred as a result of repairs to the pool actual damages in the amount of $5,000.00. Plaintiff sued for treble actual damages plus reasonable attorney's fees in relation to the amount of work expended.

Trial was had to a jury. After jury verdict the trial court rendered judgment that Plaintiff Hall take nothing against Defendant Rogers. The jury found (or failed to find, as the case may be) as follows:

(1) Defendant Rogers made an express warranty to Plaintiff Hall that the equipment and materials used to construct the pool would be new and of a high quality.

(2) The equipment and materials used to construct Plaintiff's pool were new and of a high quality.

(3) Defendant Rogers made an express warranty to Plaintiff Hall that the work performed on the pool would be in a good and workmanlike manner.

(4) The jury failed to find that the work performed was done in a good and workmanlike manner.

(5) The jury found that the pool was of a good, merchantable quality.

(6) The pool was fit for the purpose for which it was intended.

(7) The jury failed to find that Defendant Rogers was not given a reasonable opportunity to cure any alleged defects.

(8) The jury failed to find that Plaintiff incurred repair costs on his pool because of a breach of contract or warranty on the part of the Defendant.

(9) Special Issue No. 9, inquiring as to the reasonable cost of repairs incurred by Plaintiff, was conditioned upon an affirmative finding to Special Issue 8, and was not answered by the jury.

(10a) $3,000.00 would fairly and reasonably compensate Plaintiff Hall for necessary attorney's fees up to and during trial of the case.

(10b) and (10c) Zero would fairly and reasonably compensate Plaintiff Hall for necessary attorney's fees he will incur in the event of appeal of the case to the Court

of Civil Appeals or if an appeal to the Supreme Court of Texas becomes necessary.

Based upon the above jury findings, the trial court rendered judgment that Plaintiff Hall take nothing from Defendant Rogers, from which Plaintiff appeals. We affirm the trial court's judgment.

Plaintiff-Appellant Hall comes before this court with six points of error which may be conveniently grouped under three basic contentions, to wit:

(1) The trial court erred in refusing to submit to the jury Plaintiff's Requested Special Issues Nos. 2 and 4, both of which (Appellant says) represent essential elements of a separate and independent ground of recovery for Plaintiff, and in refusing to submit to the jury Plaintiff's Requested Special Issue No. 5, concerning damages allegedly suffered by Plaintiff. (Points of Error 1, 2 and 3).

(2) The trial court erred in submitting Special Issue No. 8 for the stated reason that same presents a mixed question of law and fact for the jury's determination. (Point of Error No. 4).

(3) There is no evidence and insufficient evidence to support the jury's answer to Special Issue No. 8. (Points of Error 5 and 6). We overrule all of Plaintiff-Appellant's points and contentions and affirm the trial court's judgment.

We revert to Appellant's first contention, wherein he complains of the trial court's refusal to submit certain special issues requested by appellant. These requested special issues purportedly dealt with representations asserted to have been made to Plaintiff-Appellant Hall by Defendant-Appellee Rogers concerning repairs of defects, and concerning whether Defendant-Appellee had failed to correct such defects. Plaintiff-Appellant contends that such requested special issues represented essential elements of a separate and independent ground of recovery. However, Appellant did not properly preserve for appellate review any of these matters complained of.

We have carefully examined the record, and nowhere do we find any special issues

requested by Appellant. The only reference in the record that we find concerning such requested special issues is on page 288 of the statement of facts as follows: "The Plaintiff has submitted to the court in substantially correct form requested special issues dealing with whether or not representations were made by Wayne Rogers to Halton Hall that repair work would be done on the pool in question, if it was necessary. And further, no issue has been submitted asking the jury whether or not Mr. Wayne Rogers failed to make repairs to the swimming pool which were necessary in this case. And, those issues are not being submitted by the court, and we would bring that to the court's attention prior to the submission of the charge to the court. That there are issues raised by the evidence and the pleadings and should be part of the charge. _____."

Rule 279, Texas Rules of Civil Procedure, provides: "_____. Failure to submit an issue shall not be deemed a ground for reversal _____ unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment _____."

Rules 273 and 276 also provide in substance that a requested special issue must be in writing and in that form timely presented to the trial court for said court to endorse his ruling and official signature thereon. The record before us does not show that any of the above requirements of the rules took place. If there were in fact any such requested issues, same were waived. See *Hines v. Pointer* (Fort Worth, Tex.Civ.App.1975) 523 S.W.2d 733, 743, NRE.

Appellant's second contention asserts the trial court erred in submitting Special Issue No. 8 "since it presents a mixed question of law and fact." However, our careful examination of the record does not reveal that Appellant made any objection to the submission of Special Issue No. 8 to the jury. This special issue was a damage issue wherein Appellant had the burden of proof. The record does not show that Appellant tendered in substantially correct form an

issue of his own concerning this same question. Appellant has thereby waived any objection he may have had to Special Issue No. 8. Rules 272, 274, Texas Rules of Civil Procedure.

■■■ Failure to file timely objection to the submission of a special issue to the jury precludes the question of the propriety of the submission from being before this court on review. *Winkler Construction Co. v. Hornor and Co.* (San Antonio Tex.Civ.App. 1979) 580 S.W.2d 401, 404, NRE. An objection to a charge must be made distinctly and specifically. *Brown v. American Transfer and Storage Co.* (Tex.1980) 601 S.W.2d 931, 938.

In Appellant's sixth point of error it is contended that there is no evidence to support the jury's answer to Special Issue No. 8. Said special issue reads as follows:

"Do you find from a preponderance of the evidence that Plaintiff incurred repair costs on his pool because of a breach of contract or warranty by Defendant?

"Answer: *We do not.*"

■■■ Plaintiff-Appellant Hall had the burden of establishing an affirmative finding on Special Issue No. 8. The jury failed to find in his favor. In other words, Plaintiff-Appellant failed to meet his burden of proof. The jury's failure to find a fact vital to Plaintiff's recovery need not be supported by affirmative evidence. *Traylor v. Goulding* (Tex.1973) 497 S.W.2d 944, 945. Appellant Hall's "no evidence" point on the jury's negative finding in answer to Special Issue No. 8 is improper and does not invoke our authority to review. *Prunty v. Post Oak Bank* (Houston 14th Tex.Civ.App.1973) 493 S.W.2d 645, NRE. Appellant's sixth point of error is overruled.

■■■ Appellant's remaining point of error complains that the jury's finding in answer to Special Issue No. 8 is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust under the doctrine laid down by our Supreme Court in *In re King's Estate* (Tex.1951) 150 Tex. 662, 244 S.W.2d 660. This point of error requires us to consider and weigh all the evidence in the case and to set aside the jury finding in question and remand the cause for new trial should we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust.

This swimming pool was constructed by Defendant-Appellee Rogers for Plaintiff-Appellant Hall in Hall's back yard. This back yard sloped downward from the rear. Rogers testified that before the pool was constructed, he (Rogers) pointed out to Hall that there were drainage problems in that portion of the yard where Hall wanted the pool placed, and that such drainage problems could cause movement of the ground which could affect the structure of the pool. Rogers testified that he recommended that the pool be placed in a more level area of the yard; however, Hall decided that he wanted the pool placed in the sloping portion of the yard. Hall denied that Rogers warned him about the location. Rogers built the pool in the location where Hall wanted it.

Hall testified that not long after the pool was completed, water pipes were found to be leaking, there were cracks in the pool's shell, and cracks in the pool's decking. Hall spent $344.00 for repairs of cracks in the pool, which repairs were made by one Pulliam. Hall testified that he attempted to contact Rogers, and having been unsuccessful, he (Hall) wrote letters to Rogers demanding that Rogers make repairs to the pool. Rogers testified that he performed some repairs on the pool without charge so that he might keep Hall's good will, and that throughout the warranty period he (Rogers) properly repaired all the problems and conditions that had occurred due to workmanship and quality. Plaintiff Hall's own expert, Fred Potts, testified that the pool was in red sand, and that it was not abnormal for ground movement, such as might be caused by water-soaked sand, to cause cracks in the pool and decking, and that there was nothing a pool builder could do about ground movement. Potts also testified that as of the time of the trial, Hall's family was able to use the pool and had been using it for four years.

E. F. Hotopp, a swimming pool builder called by the Defendant, testified that no builder guarantees decks because there is nothing that can be done for the expansion and contraction of the ground under the deck which "of course, _____ causes the cracks." Hotopp further testified that the cracks in Hall's pool were not abnormal at all, and that Hall's pool was in normal condition for a pool three or four years old. His opinion of the workmanship and construction of the pool was that it was "very acceptable in the trade and in the industry." Hall complained of Rogers's changing the two-line system into a one-line system; however, Hotopp testified that "if a person didn't know there was a one or two line system, as far as the function is concerned, they wouldn't know the difference."

Fred Potts, Hall's witness, testified that the cost of repairs to the pool would be at least $3,000.00. To the contrary, E. F. Hotopp, Rogers's witness, estimated the cost of repairs to be about $450.00. Hall testified that he had actually spent $344.00 on repairs prior to trial. There is no question that Hall had incurred some repair costs. However, as we have shown, there is considerable evidence to the effect that Hall's troubles with the pool were caused by drainage problems and ground movement, as opposed to poor workmanship or breach of warranties on the part of Rogers.

Special Issue No. 8 asked the jury if they found from a preponderance of the evidence that Plaintiff Hall incurred repair costs on his pool *because of a breach of contract or warranty by the Defendant.* The jury failed to so find. As stated, there was plenty of evidence to show that Hall incurred repair costs for reasons other than "breach of contract or warranty by Defendant." Therefore, we are of the opinion and hold that this jury's negative finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust.

All of Appellant's points and contentions are overruled. Judgment of the trial court is accordingly affirmed.

AFFIRMED.