James D. DURHAM, Jr., Petitioner,

v.

H. Doyle ST. JOHN, d/b/a Doyle St. John Contractor, Respondent.

No. C–1653.

Supreme Court of Texas.

Feb. 9, 1983.

Walter P. Wolfram, Amarillo, for petitioner.

C.J. Humphrey, Amarillo, for respondent.

PER CURIAM.

Pursuant to Rule 483, Tex.R.Civ.P., we grant writ of error. Without hearing oral argument, we affirm the judgment of the court of appeals as modified herein.

This suit arose out of a home remodeling contract between Durham, the homeowner, and St. John, the contractor. St. John employed Barker to build cabinets for Durham's home. Durham was dissatisfied with the cabinets and refused to pay St. John. Consequently, St. John refused to pay Barker. The resulting lawsuit involved four different claims: (1) Barker sued St. John for labor and materials used on the cabinets; (2) St. John impleaded Durham as a third-party defendant and sought recovery over and against him for the cabinets; (3) St. John cross-claimed against Durham on a sworn account for the balance due on the remodeling contract; and (4) Durham counterclaimed against St. John for failure to substantially perform the contract and for breach of warranty under the Deceptive Trade Practices Act (DTPA), alleging defective workmanship in the cabinets, fireplace, and walls.

The trial court granted Barker's motion for judgment against St. John for labor and materials used on the cabinets. The court also granted St. John's motion for judgment on the sworn account against Durham. Thereafter, the case proceeded to trial on St. John's impleader against Durham and on Durham's counterclaim against St. John. In response to special issues, the jury found the cabinets furnished by St. John under the remodeling contract were not made in a substantial and workmanlike manner, and the cost of remedying the defects to be $3,300.00. The jury failed to find that the walls and fireplace in the house were not built or repaired in a substantial and workmanlike manner.

The trial court concluded as a matter of law that the portion of the remodeling contract regarding the cabinets was divisible from the balance of the contract. The court also found that St. John was liable under the DTPA for failing to remedy the cabinet defects upon Durham's request and

that Durham was entitled to recover treble damages plus attorney's fees. After trebling Durham's damages and offsetting the parties' recoveries, the trial court rendered judgment for St. John for $1,370.52. Durham appealed.

The court of appeals affirmed in part, and reversed and remanded in part. 638 S.W.2d 239. The court of appeals held the jury's failure to find the walls and fireplace had not been repaired in a substantial and workmanlike manner was against the great weight and preponderance of the evidence. It also sustained St. John's cross-point urging the trial court erred in trebling Durham's cabinet damages prior to offsetting the parties' claims. The court reversed and remanded all issues in the case, except the two claims upon which the trial court had rendered judgment prior to trial. The judgment on Barker's claim against St. John was severed and affirmed. St. John's sworn account judgment against Durham was remanded with instructions that it be taken as established upon retrial of the remaining issues.

The sole issue before us is whether the court of appeals erred in reversing and remanding the trial court judgment dealing with Durham's DTPA claim against St. John regarding the cabinets. Durham contends retrial of this claim is inconsistent with the court of appeals opinion and contrary to Rule 434, Tex.R.Civ.P. We agree.

Although the court of appeals properly reversed and remanded that part of the trial court judgment which trebled the cabinet damages prior to offset, it was error to remand the claim itself for retrial. The court of appeals upheld the jury findings of defective workmanship, cost of completion, and St. John's liability to Durham. Since the cabinet claim is separable, those damages and attorney's fees need not be relitigated and should be taken as established at retrial.

The trial court shall render a final judgment in this cause by determining actual damages pursuant to § 17.50(b)(1) of the DTPA, consistent with our holding in *Smith v. Baldwin*, 611 S.W.2d 611, 617 (Tex.1980).

Any damages awarded to Durham on retrial, together with the $3,300.00 cabinet damages, shall be set-off against the sum of $11,974.02 awarded to St. John on the sworn account, to determine whether Durham has a net recovery which may be subject to penalties under § 17.50(b)(1) of the DTPA.

As modified, the judgment of the court of appeals is affirmed.