Michael E. WIDMER, et al., Appellant,

v.

Charley D. STAMPS, et al., Appellee.

No. C14–82–429CV.

Court of Appeals of Texas,
Houston (14 Dist.).

Dec. 15, 1983.

Rehearing Overruled Jan. 12, 1984.

Bill De La Garza, Warren Campbell, Bill De La Garza & Associates, Houston, for appellant.

William G. Neumann, Jr., Krist, Gunn, Weller, Neumann & Morrison, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from a judgment entered in favor of appellee in a suit concerning the construction of a home. While the issues themselves are not especially complex, this case has been made complex by the large number of pleadings, the extent of testimony (in excess of 900 pages), the number of special issues (38) and the 28 points of error on appeal. Basically, appellants' contentions concern (1) the amount they were entitled to as an offset against the contract price; (2) the state of the evidence; (3) failure to submit special issues; (4) conflicts in jury answers; (5) error in awarding rental value of home as an element of damages;

(6) the award of attorney's fees and pre-judgment interest, and (7) the failure to award treble damages. We reform the judgment to delete the award of reasonable rental value of the home, but otherwise affirm.

The pertinent facts indicate that on October 9, 1976 the parties signed a contract providing that appellee would build a home for appellants for which he would be paid his actual costs plus the lesser of 15% or $7,500. The estimated cost of construction was $62,500 and the estimated time for completing construction was six months. The interim construction loan was closed on November 18, 1976. Construction commenced the following month and in July of 1977 appellants moved into the house. They complained to appellee about work not yet completed. Appellants were approved for a permanent loan and a closing was initially set for August of 1977, then rescheduled for the following month. This litigation ensued and the parties did not come to a final agreement until December 31, 1977 when closing on the permanent loan commitment was finally held.

In order to properly address appellants' points of error, we note that the jury:

1) found the actual cost to construct the house according to contract and agreement of parties would have been $70,000;

2) found the reasonable profit in construction of house would be $7,500;

3) found appellee made an express warranty for all work under the contract for one year;

4) found the house had a defect in workmanship;

5) found appellee failed to correct the defect;

6) found such failure was a proximate cause of damages to appellants;

7) failed to find such failure to correct the defect adversely affected appellants;

8) found the reasonable cost to repair and correct defect would be $2,500;

9) failed to find appellants' home was not constructed in good and workmanlike manner;

10) failed to find appellee failed to complete the home within a reasonable time;

11) found appellants did not lose money on the sale of their other home; did not spend additional funds for additional loan and did not lose money representing rental on value of home being built;

12) found five of six specific acts or practices inquired about, to have occurred but none to have been false, misleading or deceptive;

13) found appellee did not misrepresent materials or services;

14) failed to find that any of the acts and practices constituted an unconscionable action or course of action;

15) found reasonable attorney's fees for appellants' attorney;

16) found the reasonable rental value of the house from time appellants moved in until closing was $4,200;

17) found appellee substantially performed the contract;

18) found that by taking home in July appellants accepted contract work performed by appellee;

19) found the bar between kitchen and den was not constructed in a good and workmanlike manner;

20) failed to find the oven and utility room wall were not constructed in good and workmanlike manner;

21) found the kitchen cabinets containing stove were not constructed in a good and workmanlike manner;

22) failed to find appellee was not given a reasonable opportunity to cure defects in construction;

23) failed to find appellee had no written notice of complaint of mislocation of utility room wall and oven area;

24) found appellee had no written notice of complaint about kitchen cabinets containing stove;

25) found appellee had no written notice of complaint about bar between kitchen and den;

26) found appellants have owed money to appellee since date of closing;

27) found reasonable attorney's fees for appellee.

■ In points of error one through five, grouped for discussion, the issue presented is the amount to which appellants are entitled as an offset against the contract price. Appellants argue the trial court erred in failing to enter a take nothing judgment against appellee because "he failed to furnish evidence to properly measure the deductions and omissions to be subtracted from the contract price." This issue is not properly preserved for our consideration because it was never presented to the trial court. If it were properly before us, we note that while it is true that where the issue is substantial performance by the contractor, the contractor has the burden "to furnish the evidence to properly measure the deductions allowable necessary to remedy the defects," *Atkinson v. Jackson Bros.*, 270 S.W. 848 (Tex.Comm'n App.1931, holding approved), we do not see how this fact can benefit appellants. Appellants presented extensive testimony concerning the "deductions and omissions to be subtracted from the contract price." Only one monetary damage issue was submitted to the jury asking for the sum of money that was reasonable as a "cost to repair and correct the defect in workmanship." There were no objections to the issue and the jury answered $2,500. Appellants complaint in this regard is without merit.

■ Appellants further argue it was error to award appellee the full contract price offset only by the damages found by the jury for what they contend was a breach of express warranty. What we have said above applies equally to this contention. Evidence was offered; the issue was submitted to the jury; the jury answered the issue, and the court entered judgment. The argument is without merit.

■ As further argument on this issue appellants contend they were entitled to an offset from the full contract price for the value of the work they performed including their supervision, cost to complete and cost to correct. No special issues were requested for these offsets; therefore, appellants cannot complain for the first time on appeal. Points of error one through five are overruled.

■ The next group of points of error complain of the state of the evidence. In numbers six and seven appellants complain of the sufficiency of the evidence to support the jury answer of $7,500 to compensate appellee for his profit. The contract expressly provided for a profit of the lesser of 15% or $7,500. This contract price was evidence of probative value supporting the jury finding. *Montclair Corp. v. Earl N. Lightfoot Paving Co., Inc.*, 417 S.W.2d 820 (Tex.Civ.App.—Houston 1967, writ ref'd n.r. e.). There was additional testimony from witnesses for both sides to support the jury finding. Even appellants' own expert witness Weeks admitted that the house was constructed in a good and workmanlike manner except for a few items which appellants installed. We find the evidence sufficient and overrule appellants' sixth and seventh points of error.

■ In their tenth point of error appellants attack the jury's answer to special issue No. 8 that the "damages for breach of the express warranty were only $2,500 is so against the great weight and overwhelming preponderance of the evidence as to be manifestly unjust." We fail to understand appellants' argument throughout their brief that the $2,500 as found by the jury was for "breach of the express warranty." The issue read:

What sum of money, if any, do you find from a preponderance of the evidence would be the reasonable cost to repair the defect in workmanship?

There were no objections to this issue nor were additional instructions requested on the amount of damages to appellants. Evidence was submitted concerning defects in workmanship and the cost of remedying

those defects and the jury found some of the work was not performed in a good and workmanlike manner. We refuse to place the limitation upon the jury answer that appellants do. It is the duty of the litigants to isolate the issues for the jury and preserve the record so the appellate court can pass upon the issues. If appellants had any objection to this special issue, they should have made it at trial; they cannot make it for the first time on appeal. However, in attacking the $2,500 award as insufficient, appellants maintain they presented evidence of $6,290 in damages, $5,890 of which they claim was not rebutted. While we question the assertion that the amount was not rebutted, such evidence, even if uncontroverted, was not binding on the jury. *Coxson v. Atlanta Life Ins. Co.,* 142 Tex. 544, 179 S.W.2d 943, 945 (1944). The jury was free to disbelieve the testimony of appellants' expert. The jury's award of $2,500 is not so against the great weight and overwhelming preponderance of the evidence as to be manifestly unjust. Appellants' tenth point of error is overruled.

Point of error eleven attacks the jury's answer to special issue No. 31 "that the utility room wall was constructed in a good and workmanlike manner." This is not what the jury found; the jury failed to find that it was not constructed in a good and workmanlike manner. This merely means appellants failed to meet their burden of proving the fact. However, we will construe appellants' contention as a contest to the failure of the jury to so find as being against the great weight and overwhelming preponderance of the evidence, thus properly invoking our fact finding powers. *Prunty v. Post Oak Bank,* 493 S.W.2d 645 (Tex. Civ.App.—Houston [14th Dist.], 1973, writ ref'd n.r.e.). Looking to all the evidence, we cannot say that since the wall may have been constructed in dimensions at odds with the desires of appellants therefore a jury finding that the wall was not constructed in a good and workmanlike manner was required. This point of error is overruled.

Point of error thirteen attacks the jury's answer to special issue No. 9, "that the home was constructed in a good and workmanlike manner," as against the great weight and overwhelming preponderance of the evidence. Again, this was not what the jury found; the jury failed to find that it was *not* constructed in a good and workmanlike manner. The same discussion made above applies to this point of error. The evidence was conflicting and, obviously, the jury chose to believe much of appellee's evidence concerning the issue of the quality of construction. We simply cannot say their failure to find favorably to appellants weight of the evidence. Point of error thirteen is overruled.

In points of error fourteen, fifteen, eighteen and nineteen appellants complain that jury answers to special issues concerning deceptive trade practices were against the great weight and overwhelming preponderance of the evidence. We decline to address these issues as appellants have violated Tex.R.Civ.P. 418(e) in failing to properly brief these issues. Appellants' continually make bold factual assertions without any citation to the record. The statement of facts in this case is 911 pages long and there are 111 exhibits. This court is not required to search the record for evidence supporting appellants' position under particular points of error, and in this case we refuse to so search. These points are overruled.

Points of error sixteen and seventeen attack the jury's answers to other parts of the special issues concerning alleged violations of the Deceptive Trade Practices Act (DTPA). Appellants had the burden of proof to establish all the elements of their DTPA claims. In sixteen appellants argue the jury's answer that appellee's "representation that the house would be constructed in a good and workmanlike manner ... was not a false, misleading or deceptive act or practice, is so against the great weight and overwhelming preponderance of the evidence as to be manifestly unjust." We fail to understand appellants complaint. While the jury found appellee made the representation (to be built in a good and workmanlike manner) they failed

to find in another issue, as discussed above, that the house was not constructed in a good and workmanlike manner. The answers are consistent and since we overruled point of error thirteen, point of error sixteen is without merit. In seventeen appellants argue the jury's answer that appellees "representations that adequate, competent and qualified supervision would be provided ... was not a false, misleading or deceptive act or practice, is so against the great weight and overwhelming preponderance of the evidence as to be manifestly unjust." Again, the jury found the representations to have been made, but failed to find such representations were false, misleading, etc. The evidence was conflicting, and as we read the answers they are all consistent. We cannot say their answers are against the great weight of the evidence. Points of error sixteen and seventeen are overruled.

■ In points of error eight and nine, grouped for discussion, appellants contend the trial court erred in refusing to submit their jury issues on failure of consideration. Failure of consideration is an affirmative defense which must be raised by verified pleading. Tex.R.Civ.P. 93(j), 94. Failure of consideration was not plead. While it might be said the issue was tried by consent we would not be comfortable in so holding. The evidence adduced at trial which could be said to relate to the issue of failure of consideration relates much more directly to issues raised by the pleadings and already submitted to the jury in other special issues. Examples include substantial performance and most of the issues relating to allegations under the DPTA. In the leading case on this subject *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444 (Tex.1967), the Texas Supreme Court expressed its dissatisfaction with the procedure of including special issues pertaining to an affirmative defense when such issues have already been submitted in another form. As the court remarked, the result would be "a proliferation of special issues in an area already mired in a prolixity of complicated issues." *Id.* at 448. The court further commented at 449 "it is obvious that had the requested issues been sub-

mitted to the jury and answered favorably to Alamo, the answers would not have defeated Moulton's right to recover the sum found by the jury in answer to issue No. 45." We believe the trial court was correct in denying appellants' requested instructions and special issues relating to failure of consideration. Even if the issue of failure of consideration could be said to have been tried by consent, we believe "the substance of each of the requested issues was substantially submitted in other issues contained in the court's main charge." *Cree v. Miller*, 255 S.W.2d 565, 571 (Tex.Civ.App.—Eastland 1953, writ ref'd n.r.e.). Points of error eight and nine are overruled.

■ Next, grouped for discussion, are points of error contending irreconcilable conflict in jury answers. In point of error twelve appellants assert conflict in jury answers to special issues Nos. 9, 30, and 32. In answer to No. 19 the jury failed to find that the house was *not* constructed in a good and workmanlike manner. Appellants' argument that this is a finding that the home was constructed in a good and workmanlike manner has already been rejected. In special issue No. 30 the jury found the bar between the kitchen and den was not constructed in a good and workmanlike manner and in No. 32 that the kitchen cabinets containing the stove were not so constructed. There is no conflict between the answers. These points are overruled.

■ In point of error twenty appellants contend that the answer to special issue No. 18 in where the jury failed to find that certain acts which occurred were a "false, misleading or deceptive practice" is in irreconcilable conflict with their answers to issues No. 30 and 32 discussed above. We fail to follow appellants' logic and cannot discern conflict. Points of error twelve and twenty are overruled.

■ Next, grouped for discussion are three points contending it was error to award appellee $4,200 as reasonable rental on the constructed home from the date appellants moved in until the date of closing.

Appellee challenges our consideration of this contention for failure of appellants to direct our attention to the particular error relied upon, but we believe it is sufficiently designated to authorize our review. Both parties agree that the Texas Supreme Court case, *Baldwin v. Smith*, 586 S.W.2d 624 (Tex.Civ.App.—Tyler), rev'd on other grounds, 611 S.W.2d 611 (Tex.1981), is the controlling case on this issue. Appellee argues that *Smith* requires us to uphold the trial court's award. Appellants argue that a contrary result is required due to the distinguishable facts of *Smith*. We agree with appellants. In *Smith*, the contract price was fixed at $31,300. The house in question was to be constructed on or before March 9, 1977. On January 29, 1977, the house was 98% complete and the purchaser moved his furniture in with the builder's permission. On March 12 physical occupancy began. The jury found that although the builder had substantially performed, there were defects in need of repair amounting to $7,500. During the period from March 28, 1977 until February of 1978, the builder was prohibited by the purchaser from going on the premises except for a thirty day period from November 8 through December 27, 1977 when the trial judge ordered the purchaser to vacate to enable corrections to be made. The builder had agreed to pay interest on the interim financing, but the purchaser actually paid $2,900 in interim financing interest. The supreme court allowed the purchaser to be reimbursed for the $2,900 expended plus $1,500 in damages, but required that this amount be offset against the reasonable rental value of the house. This result is justified by the fact that given the builder's liability for interim financing interest it would be unfair for the purchaser to move in and prevent completion thus running up the builder's cost on a fixed price contract since permanent financing could not be obtained until construction was complete. Appellees would have us read *Smith* to hold that as a matter of law a buyer must pay the contractor rent if he moves in before permanent financing is obtained. We do not read the case so broadly. In the case before us, appellants paid $4,029.86 in interim interest as a part of the construction cost. We believe that to permit appellee to further recover for the reasonable rental value of the house would in effect allow recovery for damages not sustained. Thus we hold the trial court committed error in awarding $4,200 as the rental value of the

house from July 8, 1977 to December 31, 1978. While this contention is presented in three points, we need only sustain appellants' point of error twenty-one.

The next issue concerns attorney's fees. In point of error twenty-four, appellants complain of the trial court's failure to enter judgment in their favor for the amount of such fees as found by the jury. The jury found appellee had breached an express warranty, a violation of the DTPA. In discussing this point we will assume the jury's award of $2,500 to appellants was at least in part for "breach of an express warranty." Appellants acknowledge that in applying TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1982–1983), the courts have refused to award attorney's fees unless the party has a net recovery. They argue, however, the same rule should not be applied to claims under the DTPA because Section 17.44 thereof specifically provides the underlying purposes of the act are to "protect consumers against false, misleading, and deceptive business practices, unconscionable actions and breaches of warranty and to provide efficient and economical procedures to secure such action." Further, they say, "to permit an offset and then follow the rationale of the decisions under Article 2226 and deny (appellants) recovery of their attorney's fees would defeat the DTPA's underlying purposes," citing *Guerra v. Brumlow*, 630 S.W.2d 425 (Tex.App.—San Antonio 1982, no writ). (There the court held that since Guerra recovered on one of his deceptive trade practice claims, even though he was not awarded a net recovery, he was nevertheless entitled to recover a portion of his attorney's fees.) With all due respect to the opinion of the San Antonio Court, we respectfully disagree.

■ Article 2226, in authorizing the recovery of attorney's fees, provides the "Act shall be liberally construed to promote its underlying purposes." As pointed out by appellants, the DTPA likewise expressly provides for a liberal construction, but Section 17.50(b) (in effect at the time in question) in authorizing the recovery of such fees in DTPA actions, provided "each consumer who prevails may obtain court costs and (reasonable) attorney's fees." (There is no meaningful difference in the wording of this provision in the present statute.) Upon wording so strikingly similar in the two statutes, we believe the same rule should be applied under both statutes. We therefore

hold that in a DTPA cause of action the appellants (as consumers) were not entitled to recover attorney's fees unless they prevailed, and that they did not prevail because they were not awarded a net recovery. Appellants' twenty-fourth point is overruled.

Point of error twenty-five asserts error in the awarding of attorney's fees to appellee. Appellee was entitled to attorney's fees pursuant to TEX.REV.CIV. STAT.ANN. arts. 2226, 5472d (Vernon Supp.1982–1983). Point of error twenty-five is overruled.

In point of error twenty-eight appellants assert error in the trial court's failure to award them treble damages. The rule is well established that absent a net recovery in their favor appellants are not entitled to treble damages. *Durham v. St. John,* 645 S.W.2d 261 (Tex.1983). Point of error twenty-eight is overruled.

Point of error twenty-six and twenty-seven concern the award of prejudgment interest to appellee and the denial of same to appellants. Since appellants have suffered a net judgment against them, the trial court was correct in awarding prejudgment interest to appellee. *Black Lake Pipe Line Co. v. Union Const. Co., Inc.,* 538 S.W.2d 80, 96 (Tex.1976). Appellants' points of error twenty-six and twenty-seven are overruled.

The judgment is reformed to delete therefrom the award to appellee of $4,200 for the rental value, and as so reformed, is affirmed.

## OPINION ON APPELLANTS' MOTION FOR REHEARING

In discussing appellants' eighth and ninth points of error in our original opinion, we stated that failure of consideration was not pled. While the issue is not crucial to the disposition of these points, what we intended to say was that failure of consideration was not properly pled since such pleading was not verified by affidavit as required by Tex.R.Civ.P. 93(j).

Appellants further contend we were in error in assessing the costs of this appeal against them. We agree. We apply the provisions of Tex.R.Civ.P. 139 which provide "When a case is appealed, if the judgment of the higher court be against the appellant, but for less amount than the original judgment, such party shall recover the costs of the higher court but shall be adjudged to pay the costs of the court below ...." Accordingly, costs of this appeal are adjudged against appellee.

Appellants' motion for rehearing is overruled.